THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JESSE PUGH, Appellant.—

Hopkins, Acting P. J., Munder, Brennan and Benjamin, JJ., concur; Christ, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: Defendant was tried by the court without a jury on a four-count indictment charging him with willfully receiving policy slips, maintaining a place for the playing of policy, possession of policy slips and possession of obscene film. The trial court found defendant guilty on the receiving and maintaining charges. In its written decision reciting the findings leading to the conviction of these two charges, the court said, "We find and determine that the credible evidence establishes beyond a reasonable doubt that on February 14, 1967 the defendant was in possession of and had custody and control of, and threw out the window of the rear room of his store numerous 'runners' day slips' recording some 4,279 policy plays". Despite this unequivocal finding of actual physical possession of policy slips by defendant, the court acquitted him on the third count charging possession, stating, "We find and determine that the People have failed to prove beyond a reasonable doubt the charges under the third count of the indictment, and therefore find defendant not guilty under said count." There can be no dispute that the finding of actual possession of policy slips in connection with the first and second counts is utterly inconsistent with the acquittal on the third count. While possession of policy slips is not an essential element to prove the charges of receiving and maintaining, I think it clear from the evidence in this case and from the trial court's written decision that the finding of actual possession was the keystone of the convictions on the first and second counts. In that context, the acquittal on the possession count is not only inconsistent with the convictions on the receiving and maintaining counts; it is repugnant to them and they cannot stand (cf. *People* v. *Bullis*, 30 A D 2d 470). If the evidence of possession is eliminated, I think the remaining evidence is insufficient to sustain the convictions. While inconsistency has been tolerated in jury verdicts because of special considerations relating to the nature and function of juries, we do not "enhance respect for law or the courts by recognizing for a judge the same right to indulge in 'vagaries' in the disposition of criminal charges that, for historic reasons, has been granted the jury" (*United States* v. *Maybury*, 274 F. 2d 899, 903).