■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD DENNIS, Appellant. — Judgment, Supreme Court, Bronx County, rendered July 28, 1971, convicting defendant following trial before Greenfield, J. and a jury, of crimes of murder (two counts) and possession of a weapon as a felony, affirmed. We are unanimously agreed that there is no merit in the several points presented and argued by defendant with the exception of our disagreement as to the claim of error hereinafter specifically mentioned. The convictions of murder were predicated upon charges that the defendant, while acting in concert with others, caused the death by shooting of Dolores Slade and Wilfredo Hernandez, while engaged in commission of the crime of robbery and in the course of such crime (Penal Law, § 125.25, subd. 3). The defendant alleges error in the submission of these charges of felony murder without a detailed charge of the elements of robbery and of criminal attempt. We, in the majority, conclude, however, that the record fails to disclose reversible error as claimed in this regard. That the shooting of the victims occurred during a robbery or attempted robbery was established beyond a reasonable doubt and a reading of the entire charge leaves no doubt that the matter was adequately covered. In this connection, it is significant that implicit in the verdict of the jury is its acceptance as the truth the statements of defendant's confession indicating without a doubt his participation in an attempted robbery involving the shooting. In any event, the defendant did not by way of exception or protest to the charge in any manner preserve a ground for review as a matter of law and this is not a case where the setting aside of the verdict is justified in the interests of justice. (See former Code Crim. Pro., §§ 420-a, 527; CPL 470.05, 470.15.)

Kupferman and Eager, JJ., concur in memorandum; Nunez, J. P., and Capozzoli, J., concur in a separate memorandum by Capozzoli, J.; Murphy, J., dissents in a memorandum. Capozzoli, J. (concurring). In my view the trial court erred in not specifically instructing the jury on the elements which constitute the crime of robbery. The case was tried on the theory of felony homicide, the underlying felony being robbery. Surely the definition of the underlying crime should have been given to the jury. However, the defendant took no exception to the failure of the court to define robbery and made no request for an additional charge. In *People* v. *Adams* (21 N Y 2d 397, 403) the court said: "No exception or objection was taken to the charge and no request was made to charge differently. Thus, any question relating to error in the charge is not available on this appeal (Code Crim. Pro., § 420-a; *People* v. *Feld*, 305 N. Y. 322, 332)." Murphy, J. (dissenting). Defendant was convicted of two counts of murder and possession of a weapon as a felony, resulting from his alleged involvement with another in the commission, or attempted commission, of a robbery. Each defendant, tried separately, was originally charged with two counts of murder of the intentional type, two counts of murder perpetrated in the commission of a completed or attempted robbery, robbery, grand larceny and possession of a weapon as a felony. The codefendant, who was the actual perpetrator of the two homicides, was convicted of all crimes charged. At appellant's trial, the Trial Justice dismissed the two intentional murder counts after the prosecutor's opening statement and the robbery and larceny counts at the end of the People's case. Appellant was then convicted of the three remaining charges. While there appears to have been sufficient evidence adduced to sustain the verdict, I cannot affirm this conviction because I believe a fundamental error was committed in the charge to the jury. After the Trial Judge dismissed the robbery and larceny counts for insufficient evidence, he charged the jury on the felony murder counts, in pertinent part, as follows: "Your first function here with respect to these two counts of murder is to determine on the basis of the evidence, are you satisfied beyond a reasonable doubt, that the defendant Edward Dennis did participate in a robbery or an attempt at a robbery at the premises 1489 Southern Boulevard in the early morning hours of February 7th, 1970. If you find from the evidence that he did not, that he was not involved in the commission or attempted commission of any robbery on the premises then you go no further, you acquit him. If you find that he did in fact participate in a robbery and if you find that Dolores Slade and Wilfredo Hernandez were killed during the commission of that crime while this defendant was acting in concert with Eugene Robert White, then there would be a basis for finding him guilty under the first and third counts charging felony murder." Nowhere, however, was the jury charged on the law of robbery or attempted robbery. For the jury to determine whether the defendant participated in a robbery or attempted robbery before they consider whether there was a killing during the commission of that crime, they must be charged on the legal elements and definitions of these crimes or else there can be no conviction under the law. If there was no underlying crime there can be no felony murder, and if the jury is not told what constitutes commission of the underlying crime they cannot apply the proven facts to the law, as they must, to reach a valid verdict. It has, of course, been established that the underlying felony in a felony murder indictment is not a necessary ingredient thereof and that the crimes of murder and robbery are substantively separate and disconnected offenses. (Cf. *People* v. *Nichols*, 230 N. Y. 221.) Accordingly, there was no error in dismissing the robbery count. But in order to sustain the conviction it is still necessary to prove the required malice or felonious intent, which may be established by showing that

the homicide occurred while appellant was engaged in the commission of another felony. (*People* v. *Nichols, supra; People* v. *Lytton,* 257 N. Y. 310.) Thus, proof of an intent to commit a robbery is a necessary prerequisite in this case. How could such intent be found if the jury was not properly charged as to the essential elements of robbery or attempted robbery? It cannot be assumed that the jurors knew the elements of such crimes. They swore to accept the law from the court and to set aside their own views of what the law is or should be. To sustain the verdict we must assume they applied what they believed the law was, which is not only contrary to their oaths, but may also have been in contradiction to the Penal Law. The defendant is placed in a position where he cannot point out error because the law which convicted him only exists in the 12 jurors' minds. The defendant was entitled to have the jury instructed on all matters of law necessary for this verdict. (Code Crim. Pro., § 420; *People* v. *Leavitt,* 301 N. Y. 113; see, also, CPL 300.10.) Since the trial court failed to do so, the judgment should be reversed and a new trial directed.