THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST W. SPEACH, Appellant.

Fourth Department, October 31, 1975

*Paul R. Shanahan* for appellant.

*Jon K. Holcombe, District Attorney (John A. Cirando* and *James D. Lantier* of counsel), for respondent.

MOULE, J. P. The principal question presented on this appeal is whether a municipal official, charged under the same indictment with violating sections 801 and 805 of the General Municipal Law, conflict of interest, and sections 803 and 805 of the General Municipal Law, failure to disclose an interest, may properly be acquitted of the former but convicted of the latter when the second charge is based in part on the same facts that were included in the first charge.

Defendant is a former Commissioner of Public Works of the City of Syracuse. He assumed his position on January 1, 1970 and resigned on June 6, 1973. Prior to and during his tenure

in office, defendant was an officer and a stockholder in two closely held corporations. One of these was Lodi Realty, Inc. (Lodi), a corporation he formed with three of his brothers for the purpose of buying and renovating residential real estate. The other was Nor-Val Construction Co., Inc. (Nor-Val), a business he formed with two friends to do masonry work. Each of these corporations owned trucks equipped with snow-plows.

In January and February, 1970, shortly after defendant took over as Commissioner of Public Works, two major snow-storms struck the Syracuse area. Because of the severity of these storms city-owned snowplowing equipment could not handle the job of clearing the city's streets and it became necessary to call upon private snowplowing contractors to supplement the city's own work force. It was common practice for the city to resort to private contractors during snow emergencies and the Department of Public Works maintained a list of approved contractors who could be called upon. Although both Nor-Val and Lodi owned snowplowing equip-ment neither had ever worked for the city and were not on the Department of Public Works' list. However, equipment owned by both of these corporations was hired to work for the city during January and February, 1970. Each corporation received direct payment from the city for the work done and defendant, as commissioner, authorized such payment on be-half of the Department of Public Works.

On October 12, 1973 an Onondaga County Grand Jury returned a four-count indictment against defendant arising out of the snowplowing work done by Nor-Val and Lodi. The first count charged him with violating sections 801 and 805 of the General Municipal Law for having a conflict of interest with the city because of the Nor-Val plowing contract. The second count charged him with violating sections 803 and 805 of the General Municipal Law for failure to disclose his interest in the Nor-Val contract. Counts three and four charged him with corresponding violations relating to the Lodi plowing contracts. Defendant was tried in County Court, Onondaga County, before a jury. A verdict of acquittal was returned on count one of the indictment but defendant was convicted on counts two, three and four.

On this appeal defendant contends that the court's charge lacked sufficient specificity regarding his connection with Nor-Val and led to a conflicting verdict on the first two counts of

the indictment. He also contends that the jury should have been told that to convict him they must find that he knew his acts were criminal; that the court erred in ruling that he was not excepted from criminal liability by section 802 (subd 1, par b) of the General Municipal Law, or section 802 (subd 2, par a) of the General Municipal Law; and that the court erred in certain evidentiary rulings by disallowing testimony as to his alleged withdrawal from Nor-Val, by disallowing testimony as to the percentage of all city snow removal work done by Nor-Val and Lodi equipment, and by permitting him to be cross-examined regarding certain other equipment leased by Lodi to a third party who, in turn, hired it out to the city.

We think that the jury's verdict of guilty on count two of the indictment, failure to disclose an interest in the Nor-Val contract, cannot be reconciled with its verdict of not guilty on count one of the indictment, conflict of interest regarding the Nor-Val contracts, and that defendant's conviction on count two must, therefore, be reversed and the charge dismissed.

On the facts of this case the pertinent elements of the crime of conflict of interest (General Municipal Law, §§ 801, 805) are that defendant had an interest in the Nor-Val contract and was, by virtue of his office, in a position to approve payment on it. The pertinent elements of the crime of failure to disclose an interest (General Municipal Law, §§ 803, 805) are that defendant had an interest in the Nor-Val contract and failed to disclose such interest to the City Council. Conviction on either charge requires a basic finding that defendant had an interest in the Nor-Val contract. If he had no interest in a particular contract as specified in sections 801 and 805, he had nothing to disclose for purposes of sections 803 and 805.

The test applied to determine whether apparently contradictory verdicts on two different counts of an indictment are merely inconsistent, and can stand, or are repugnant and can not, was set forth by this court in *People v Bullis* (30 AD2d 470). Contradictory verdicts are merely inconsistent if the counts upon which they are returned, although related to one another by the facts of the case, have different basic elements *(Dunn v United States,* 284 US 390). However, if the two counts have the same basic elements, and a verdict of guilty is returned in one and a verdict of not guilty is returned as to the other, the verdicts are repugnant and the count upon which a conviction is returned must be dismissed *(People v Bullis, supra).*

In this case the verdicts are repugnant, not merely inconsistent. The only way the jury could have found defendant guilty of violating sections 803 and 805 but not guilty of violating sections 801 and 805, without making repugnant determinations on the element of interest, would be by finding that although defendant had an interest in the Nor-Val contract for purposes of both sections, he was not, by virtue of his office, in a position to approve payment on it. If this were the basis for distinction, however, such a finding would not only fly in the face of uncontroverted evidence to the contrary, but would then be inconsistent with the verdict of guilty on count three of the indictment, charging a contemporaneous violation of sections 801 and 805 with respect to Lodi.

Defendant's remaining arguments on appeal are without merit and can be summarily dispatched. In order to properly return a verdict of guilty on a criminal charge there is no need for the jury to find that the defendant knew that what he was doing was a violation of law *(People v Shapiro,* 4 NY2d 597)*.* "A person is not relieved of criminal liability for conduct because he engages in such conduct under a mistaken belief that it does not, as a matter of law, constitute an offense". (Penal Law, § 15.20, subd 2.)

Furthermore, the court properly applied the exceptions under section 802 of the General Municipal Law to what constitutes an interest in a contract. Subdivision 3 of section 800 of the General Municipal Law provides that an individual is deemed to have an interest in a contract with a municipality if he is a stockholder in a corporation that is a party to the contract. Section 802 (subd 2, par a) of the General Municipal Law provides that a person shall not be held to have been guilty of conflict of interest if his interest arises out of ownership of less than 5% of a corporation's outstanding stock. Likewise, section 802 (subd 1, par b) of the General Municipal Law provides that the conflict of interest prohibition shall not apply when an individual's interest arises *"solely* by reason of employment as an officer or employee" (emphasis supplied) of a firm contracting with a municipality. Defendant contends that although an individual might own more than 5% of a contracting corporations' outstanding stock and thus not be within the conflict of interest exception provided by section 802 (subd 2, par a) of the General Municipal Law he might still qualify for exception under section 802 (subd 1, par b) of the General Municipal Law. This line of reasoning, however,

not only leads to the absurd result that could find an individual owning all of a contracting corporation's stock yet still not being guilty of a conflict of interest, but it ignores the presence of the word "solely" in section 802 (subd 1, par b) of the General Municipal Law.

Finally, we find no error in any of the court's evidentiary rulings. Since the jury found defendant not guilty on one of the two counts of the indictment pertaining to Nor-Val and by this appeal we have dismissed the other, his argument that the court erred in refusing to allow testimony from certain witnesses as to his withdrawal from that corporation is now moot. Testimony that Lodi and Nor-Val performed only a small portion of all contract snow removal work done for the city in January and February, 1970 was clearly irrelevant and properly excluded. Cross-examination of defendant regarding Lodi equipment leased to a third party and sublet to the city was not directly related to the indictment but was not so far afield or prejudicial as to exceed the wide discretionary latitude given the trial court with respect to the scope of permissible cross-examination *(People v Schwartzman,* 24 NY2d 241).

Accordingly, the judgment should be reversed insofar as defendant was convicted on the second count of the indictment. That count should be dismissed. In all other respects the judgment should be affirmed.

CARDAMONE, MAHONEY, GOLDMAN and WITMER, JJ., concur.

Judgment unanimously modified in accordance with opinion by MOULE, J.P., and as modified affirmed.