OPINION OF THE COURT
Robert P. Kennedy, J.
Defendant was indicted in the first count for robbery in the first degree (Penal Law, §§ 20.00, 160.15, subd 2); in the second count for robbery in the first degree (Penal Law, §§ 20.00, 160.15, subd 3); in the third count for robbery in the first degree (Penal Law, §§ 20.00, 160.15, subd 4); in the fourth count for robbery in the second degree (Penal Law, §§ 20.00, 160.10, subd 1); in the fifth count for grand larceny in the third degree (Penal Law, §§ 20.00, 155.30, subd 5); and in the sixth count for criminal possession of a weapon in the third degree (Penal Law, §§ 20.00, 265.02, subd [4]).
The jury returned verdicts of not guilty of the first and second counts and guilty of the third, fourth and sixth counts. No verdict was returned as to the fifth count since the jury was instructed that it did not have to reach a verdict as to *69 that count if they found the defendant guilty of robbery in any degree (People v Acevedo, 40 NY2d 701; People v Carbonell, 40 NY2d 948).
Defendant now moves to set aside the verdicts returned under the third, fourth and sixth counts as being inconsistent with the not guilty verdicts returned as to the first and second counts.
"Inconsistency in a verdict, even if that were the case here, does not invalidate it, since each count is treated separately. (People v Pugh, 36 AD2d 845, affd 29 NY2d 909, cert den 406 US 921.) Only repugnance in a verdict will invalidate it, and repugnance can only occur where the crimes contain identical elements (People v Pugh, supra). ” (People v Cwikla, 60 AD2d 40, 45; People v Smith, 61 AD2d 91, 97.)
I will treat the motion as having been made on the ground of repugnancy.
The complaining witness testified that defendant, his brother and another came into her home, that defendant pointed a gun at her and demanded her money, that Exhibit No. 1 (a .32 caliber revolver) "looks like the one he had” and that she gave them her money. A police officer who happened to be passing as the three men ran from the house, testified that he chased them, caught defendant’s brother and took Exhibit No. 1 from his pocket, that the gun was loaded, that he test-fired it using ammunition that was in the gun when it was recovered and that it fired properly. Defendant testified that he never saw the gun before, that when they left the house he saw the third participant put something in his brother’s pocket.
The requirement for repugnancy under People v Pugh (36 AD2d 845, supra) and People v Smith (61 AD2d 91, supra) is that the alleged repugnant counts contain identical elements. Robbery, first degree, under the first count requires that the accused be armed with a deadly weapon, and under the second count the use or threatened immediate use of a dangerous instrument. Neither is an essential element under the third count. While the instrument which "appears to be a pistol”, etc., may in fact be a deadly weapon or a dangerous instrument, there is no requirement that it be such. Therefore, subdivisions 2, 3 and 4 do not contain identical elements and the verdicts of not guilty under the first two counts are not repugnant in respect to the guilty verdict under the third count.
*70 Additionally, since each count must be treated separately (People v Pugh, supra; People v Smith, supra), attention must be given to who had the burden of proof. By its verdicts of not guilty under the first two counts, the jury found that the People had not proven beyond a reasonable doubt that defendant was armed with a deadly weapon or that he used or threatened the immediate use of a dangerous instrument.
By its verdict of guilty under the third count, the jury found that the People had proven beyond a reasonable doubt that defendant had committed the robbery displaying what appeared to be a pistol and that defendant had failed to prove by a preponderance of the evidence that such pistol was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged.
Another way of saying the same thing is that by its verdict of not guilty under the first count the jury did not find that the gun was not loaded or operable, or by its verdict of guilty under the third count that it was loaded or operable. All that those verdicts signify is that the People failed in its burden of proof under the first count and that defendant failed in his burden of proof under the third count. They were unable to find, as a fact, whether it was or was not loaded and operable. Contrary to the meaning frequently given to a verdict of not guilty, such a verdict is not a finding of innocence but merely that the prosecution has failed to prove guilt.
This is all that can be ascertained from those verdicts. What their reasoning was we don’t know but we do know that the jury was " 'free to accept or reject part or all of the defense or prosecution’s evidence’ ” (People v Law, 41 NY2d 307, 314).
The verdict of guilty under the fourth count is not repugnant to the verdicts of not guilty under the first two counts. An entirely different element, the necessity of being aided by another person actually present, is not an element of either of the crimes charged in the first two counts.
Additionally, neither the element of being armed with a deadly weapon nor the use or threatened immediate use of a dangerous instrument is an element of the crime charged under the fourth count.
As an aside, the fourth count is not a lesser inclusory concurrent count of the third count.
Unlike the situation in People v Stokes (60 AD2d 757) and *71 People v Green (60 AD2d 779), where appellants did not display weapons, their convictions for robbery in the first degree being based necessarily upon proof that other participants displayed what appeared to be a rifle, a pistol and a shotgun, here the evidence was that defendant was the one who possessed what appeared to be a pistol. Under these facts defendant could have committed the crime of robbery in the first degree without, at the same time, having committed the crime of robbery in the second degree under the fourth count.
The verdicts of not guilty under the first count and of guilty under the sixth count are repugnant. The word "armed”, as used in section 140.25 (subd 1, par [a]) of the Penal Law ("Is armed with explosives or a deadly weapon”), "means that the defendant or his co-participant must have actual physical possession of the explosives or deadly weapon”. (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 140.25, p 47.) " 'Possess’ means to have physical possession or otherwise to exercise dominion or control over tangible property.” (Penal Law, § 10.00, subd 8.) A loaded firearm under subdivision 4 of section 265.02 of the Penal Law is a deadly weapon under subdivision 2 of section 160.15 of the Penal Law. (Penal Law, § 10.00, subd 12.) The essential element of both robbery under the first count and criminal possession of a weapon under the sixth count is identical, as is the burden of proof.
Defendant’s motion to set aside the verdicts of guilty under the third and fourth counts is, therefore, denied. His motion to set aside the verdict of guilty under the sixth count is granted on the grounds of repugnancy.