THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DARRYN GIBSON, Appellant.

Fourth Department, December 15, 1978

## APPEARANCES OF COUNSEL

*Nathaniel A. Barrell (Joseph Shifflett* of counsel), for appellant.

*Edward C. Cosgrove, District Attorney (John De Franks* of counsel), for respondent.

## OPINION OF THE COURT

SCHNEPP, J.

On January 2, 1976 William Crawford was fatally beaten and robbed of his wallet by a gang of five youths, while he was returning from a bar to his home located directly across the street. The three-count indictment charged the defendant, Darryn Gibson, and three others with (1) felony murder (Penal Law, § 125.25) while engaged in the commission of the crime of robbery, (2) intentional murder (Penal Law, § 125.25), and (3) robbery in the first degree (Penal Law, § 160.15) for forcibly stealing the victim's property by using and threatening the immediate use of a dangerous instrument, a pipe. The trial testimony reflects that Gibson, after announcing that "he was going to get him some money tonight", clubbed Crawford with a previously concealed pipe, after the latter refused to give Gibson money. The record also shows that "everybody had started searching him (the victim)", but Crawford's wallet was actually seized by Darryl Boyd, a codefendant tried in a separate proceeding. After a trial before a jury, the defendant was found guilty of felony murder, not guilty of intentional murder, and not guilty of robbery in the first degree.

The issue on this appeal is whether the jury's verdict convicting the defendant of felony murder is repugnant to its verdict acquitting him of robbery in the first degree, the underlying felony. We hold that the verdicts are not repugnant.

In its charge to the jury the trial court first read the three-count indictment verbatim, and quoting from section 125.25 of the Penal Law, stated: "A person is guilty of murder in the second degree when: * * * [a]cting either alone or with one or more other persons, he commits or attempts to commit robbery * * * and, in the course of * * * and furtherance of such crime or of immediate flight therefrom, he, or another participant, if there be any, causes the death of a person other than one of the participants". It then outlined the components of the crime as follows: "The elements of the crime, of course, 1)

whether there was an *attempt to commit robbery.* 2) the death of the victim. 3) whether or not this defendant caused his death. And whether his death was caused by injuries inflicted by this defendant in the course of the robbery *[sic]"* (emphasis supplied). The court also charged the elements of the crimes of intentional murder and robbery but did not instruct the jury on the elements of the crime of attempted robbery.

The District Attorney's request to the trial court to charge the provisions of section 20.00 of the Penal Law was denied. The court ruled outside the presence of the jury that the defendant was the "motivating factor" in the victim's death and "[s]ince in this particular case we are trying this defendant separately and apart from the other two defendants, I do not believe that it (section 20.00) would be applicable in this case."

The jury should have been instructed that it could hold the defendant liable for the criminal acts of a codefendant if it found that the defendant, with the mental culpability to commit the crime, solicited, requested, commanded, importuned, or intentionally aided him to commit the robbery (Penal Law, § 20.00). First of all, the indictment specifically charges the defendants with robbery—"each being intentionally *aided by the others"* (emphasis supplied). Secondly, the only proof in the record reflects that it was a codefendant and not the defendant who physically seized the wallet from the victim, although the court characterized the defendant as the "motivating factor" in the commission of the crime. Absent a charge concerning section 20.00 of the Penal Law, the jury conceivably did not understand or consider that the defendant was criminally liable under the circumstances for the actual robbery committed by others in the group; the jury acquitted the defendant of the charge of robbery.

However, this is not an acquittal of the crime of attempted robbery. "When a jury acquits, it decides only that an accused is not proven guilty of the offense charged beyond a reasonable doubt" *(Neaderland v Commissioner of Internal Revenue,* 424 F2d 639, 642, cert den 400 US 827; see, e.g., *People v Tucker,* 96 Misc 2d 67). "The verdicts are statements that the jury found that the accused was not guilty of the various counts as submitted to them in the court's charge—nothing more" *(People ex rel. Dowdy v Smith,* 65 AD2d 285, 292).

■ Apart from a reading of section 125.25 of the Penal Law

the court specifically charged that attempt to commit robbery (not robbery) could bottom a conviction for felony murder. Under the instruction of the court, the jury in its deliberations was obliged to consider only the independent acts of the defendant. An attempt to commit a robbery constitutes a lesser included offense (CPL 1.20, subd 37) and, in view of the court's refusal to charge section 20.00 of the Penal Law, a reasonable view of the evidence before the jury would support a finding that the defendant committed the attempt but not the robbery (see *People v Johnson,* 39 NY2d 364, 367-368; CPL 300.50).

It is of no moment that the elements of the crime of attempted robbery were not charged to the jury. No protest was registered and no exception was made to the charge as given (CPL 470.05; *People v Adams,* 21 NY2d 397, 403; *People v Dennis,* 40 AD2d 959, affd 33 NY2d 996), and in view of the overwhelming evidence of guilt, this is not a case where the setting aside of the verdict is justified in the interest of justice (CPL 470.15). It is obvious that "[t]he form of the verdict [is] in accordance with the court's instructions" (CPL 310.50, subd 1). Instructions of the court in a criminal case constitute the theory upon which the case goes to the jury and become the law of the case and it is presumed that the conviction is based upon such theory *(People v Weiner,* 248 NY 118; see, also, *People v Lewis,* 238 NY 1; *People v Sciascia,* 268 App Div 14, affd 294 NY 927; *People v Bordonaba,* 63 Misc 2d 898). In any event, the acquittal of the underlying felony crime of robbery does not "perforce [require] dismissal of the felony murder charge" *(People v Murray,* 40 NY2d 327, 334).

 Our court has previously recognized that "each count of an indictment is to be treated as if it were a separate indictment and that consistency of verdicts is unnecessary *(Dunn v United States,* 284 US 390, 393 [citations omitted])" *(People v Gross,* 51 AD2d 191, 197). The basic elements of each count of an indictment must be considered in determining whether apparently contradictory verdicts on two different counts are merely inconsistent or repugnant. "[I]f the two counts have the same basic elements, and a verdict of guilty is returned in one and a verdict of not guilty is returned as to the other, the verdicts are repugnant and the count upon which a conviction is returned must be dismissed" *(People v Speach,* 49 AD2d 210, 213; *People v Bullis,* 30 AD2d 470). While in this case one of the elements essential to a finding of guilt of felony murder

is a finding that the defendant committed or attempted to commit the robbery, the count of robbery and the count of felony murder do not have the same basic elements requiring application of this rule. Here acts which constitute the essential elements of the crime of robbery are not the only acts which can support a finding of guilt of felony murder. A guilty verdict may be predicated upon the commission of acts which constitute an attempt to commit robbery—a separate crime. In any event, the difference between these seemingly inconsistent verdicts can be reconciled by a "rational theory" (see *People v Gross, supra,* p 198; *People v Pugh,* 36 AD2d 845, 846, affd 29 NY2d 909, cert den 406 US 921).

The Second Department in a case involving different facts has recently held that "[b]asic logic mandates that where a jury acquits a defendant of robbery he cannot at the same time be found guilty of felony murder predicated upon the identical robbery" *(People v Mitchell,* 64 AD2d 119, 128). Although it recites a legal truism, the court, while acknowledging the holding in *People v Murray* (40 NY2d 327, *supra),* did not follow its holding or take into consideration either *People v Dennis* (40 AD2d 959, affd 33 NY2d 996, *supra)* or that the lesser included crime of attempted robbery could base a felony murder conviction. The central issue in *Mitchell* focused on the sufficiency of circumstantial evidence. Having found that the evidence was legally insufficient to establish the defendant's guilt, the court turned to the issue of the repugnancy of the verdict as an alternative theory to dispose of the case. It is clear that in *Mitchell* the evidence was insufficient to support a finding of an attempt to commit robbery.

■ Here, positive proof reflects that the defendant possessed a specific intent to steal, that he was present at the scene of the incident, that he was in possession of a pipe, a dangerous instrument with which he struck the victim, that the victim died as a result of a beating with a blunt instrument, and that the defendant was involved in the commission of the crime of robbery, although not in the physical act of removing the wallet from the victim's person. There is ample evidence in the record to support a finding that the defendant's independent acts carried "the project forward within dangerous proximity to the criminal end to be attained" (see 7 Zett, NY Crim Prac, par 67.2 [2][b]), and that his acts constituted an attempted robbery beyond a reasonable doubt. An examination

of the facts and circumstances in this case including the charge of the court to the jury reveals the basis which requires that these verdicts be upheld as being neither inconsistent nor repugnant.

The judgment of conviction should be affirmed.

MARSH, P. J., MOULE, DILLON and WITMER, JJ., concur.

Judgment unanimously affirmed.