■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH SCOTT, Appellant. — Judgment, Supreme Court, New York County (Scott, J.), rendered July 25, 1977, convicting defendant of murder in the second degree (two counts) and robbery in the first degree (four counts), and sentencing him to concurrent indeterminate terms of imprisonment of 25 years to life on each count of murder and 5 to 15 years on each of the four counts of robbery in the first degree, unanimously modified, on the law and the facts, to the extent of reducing the conviction on the sixth count from robbery in the first degree to attempted robbery in the first degree and, except as thus modified, affirmed. Judgment, Supreme Court, Bronx County (Eggert, J.), rendered May 12, 1978, convicting defendant, on his guilty plea, of criminal possession of a weapon in the third degree, and sentencing him to an indeterminate term of imprisonment of one and one-half to three years concurrent with the sentences imposed in the New York County judgment of July 25, 1977, unanimously affirmed. Defendant's New York County conviction, which is amply supported by the evidence, arises out of the brutal slaying on April 21, 1976 of two armored truck guards at the New Amsterdam Theatre, where defendant and his four confederates were committing a robbery. Defendant, a former employee, was the prime mover in the planning of the robbery, the objective of which was the taking of approximately $50,000 in cash receipts from the theatre vault. To accomplish this the robbers would have had to take a key to the vault from the armored truck guards. The robbery was aborted, however, when defendant, in panic, shot and killed the two guards. As part of their proof the People offered in evidence incriminating photographs which were developed from rolls of film that defendant had left behind in the theatre in a camera bag. As the People concede, the court, under the sixth count of the indictment, inadvertently submitted robbery in the first degree instead of attempted robbery in the first degree, as charged. Actually, the evidence in support of count six would have sustained a conviction of robbery in the first degree since Jacob Reby, one of the theatre managers, testified that he turned over to the robbers the money contained in his compartment of the vault. Reby was unable to open that part of the vault which contained the theatre receipts since the armored truck guards had that key. That the erroneous charge was inadvertent is clear from the absence of objection both at trial and sentencing. (Before charging on the sixth count the court had charged on three completed robberies.) Nor was the issue raised on the appeals of the three codefendants whose convictions have been affirmed. This error, however, does not require dismissal of count six, as defendant contends. Rather, the conviction should be reduced to attempted robbery in the first degree (see CPL 470.20, subd 4), the charge for which defendant was indicted, and as to which the evidence was more than sufficient to convict.[*] We do not see the need for a remand for resentencing since the sentence of 5 to 15 years on the conviction under count six is within the permissible range for an attempted robbery in the first degree (Penal Law, § 70.00, subd 2, par [c]; subd 3, par [b]). In light of the sentences imposed on the other counts and the nature of the crimes, a remand would be an idle gesture, exalting form over substance, since the sentence would be the same. Finally,

* The District Attorney has advised us that he will notify counsel for the three codefendants, and will join with them in any motion for similar relief.

we note that even if count six were dismissed, the felony murder convictions would be unaffected. Defendant argues that the felony murder convictions should be dismissed since the indictment charges attempted robbery as the underlying felony and count six, which is the only count charging such crime, must be dismissed because of the court's failure to submit it to the jury. In effect, defendant argues that the felony murder counts have their underpinning in the attempted robbery charged in count six. We reject this argument. A felony murder conviction will stand even if the underlying felony is not charged in the indictment or even if, contrary to defendant's argument, it is dismissed. (See, e.g., *People v Murray,* 40 NY2d 327, 334; *People v Gibson,* 65 AD2d 235, 238; *People v Dennis,* 40 AD2d 959, affd 33 NY2d 996.) We have examined defendant's other contentions, both with respect to the New York County conviction and the Bronx County conviction, and find them without merit. Concur — Kupferman, J. P., Sullivan, Silverman, Bloom and Milonas, JJ.

