■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL COLANGELO, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant's sole contention on appeal from his conviction for criminal possession of stolen property, second degree, arising from alleged possession of a stolen credit card, is that the trial court unduly restricted his summation by prohibiting him from contending that defendant may have possessed the card as a result of mistake. During the People's case the prosecution had made an offer to prove as part of its case certain prior convictions. Inasmuch as the defendant had not urged mistake or accident or any other defense which would make such proof admissible (see, e.g., *People v Molineaux,* 168 NY 264, 293, 300-305), the court correctly declined the offer. Prior to summation the court ruled that if defense counsel raised the defense of mistake on summation, it would permit the People to introduce proof of defendant's prior convictions to rebut that defense. Under the circumstances the ruling was entirely proper. (Appeal from judgment of Supreme Court, Erie County, Flynn, J. — criminal possession of stolen property, second degree.) Present — Hancock, Jr., J. P., Doerr, Boomer, Green and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM T. BENSON, Appellant. — Judgment unanimously affirmed. Memorandum: The facts established at trial were more than sufficient to permit an inference that defendant intended to participate in the robbery. Moreover, since the jury initially returned inconsistent verdicts which would have resulted in dismissing the count upon which defendant was found guilty *(People v Gibson,* 65 AD2d 235, cert den 444 US 861), the court correctly resubmitted the matter to the jury (CPL 310.50, subd 2). (Appeal from judgment of Supreme Court, Erie County, Flynn, J. — robbery, second degree). Present — Hancock, Jr., J. P., Doerr, Boomer, Green and Moule, JJ.