■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HARRIS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered May 27, 1981, convicting him of burglary in the third degree, grand larceny in the second degree, criminal possession of stolen property in the second degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Judgment modified, on the law and as a matter of discretion in the interest of justice, by reducing defendant's conviction for grand larceny in the second degree to grand larceny in the third

degree, and vacating the sentence imposed on the grand larceny conviction. As so modified, judgment affirmed and case remitted to Criminal Term for resentencing on the conviction of grand larceny in the third degree.

Defendant was apprehended by the police after an officer observed him crawling out of a hole in the rear wall of a building which housed a boutique and a record store. Various items of stolen property were discovered lying on the ground next to the hole. Defendant was subsequently indicted for burglary in the third degree, grand larceny in the third degree, criminal possession of stolen property in the second degree and possession of burglar's tools. The matter proceeded to trial, and, at the conclusion of the testimony and the parties' summations, the court duly submitted each of the four counts charged in the indictment to the jury. However, after the jury deliberated and returned to the courtroom to announce its verdict, the following colloquy occurred between the court clerk and the foreman of the jury:

"THE CLERK: Under the second count of the indictment charging the defendant with grand larceny in the *second* degree, what is your verdict?

"MR. DUNN: Guilty" (emphasis added).

The jury returned a verdict of guilty with respect to the first, third and fourth counts of the indictment. Defendant was sentenced as a second felony offender to concurrent indeterminate terms of imprisonment of 3½ to 7 years for his conviction of burglary in the third degree; 3½ to 7 years for his "conviction" of grand larceny in the second degree; and 2 to 4 years for his conviction of criminal possession of stolen property in the second degree. Defendant received a conditional discharge for possession of burglar's tools.

Although the issue has not been raised on appeal, we conclude that defendant's "conviction" for grand larceny in the second degree should be reduced to grand larceny in the third degree to correct what was undoubtedly an inadvertent error. In view of the fact that the indictment charged defendant with grand larceny in the third degree and that the court duly submitted said charge to the jury, it is obvious that the jury deliberated upon, and found defendant guilty of, the charge of grand larceny in the *third* degree, and not grand larceny in the second degree. But for the chain of oversight which commenced with the colloquy between the court clerk and the foreman of the jury, defendant would have been convicted and sentenced on the crime of grand larceny in the third degree. That the error was inadvertent is all the more apparent since it went unnoticed by the

court, defense counsel and the prosecutor both at trial and sentencing (*cf. People v Scott,* 93 AD2d 754).

In light of our disposition, the matter is remitted to Criminal Term for resentencing on defendant's conviction of grand larceny in the third degree (*see,* CPL 470.20 [4]).

We have considered the contentions raised by defendant and find them to be either unpreserved or lacking in merit. Gibbons, J. P., Weinstein, Brown and Eiber, JJ., concur.