THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JUAN TORRES, Appellant.

First Department, January 28, 1958.

*John J. Donahue* and *Florence M. Kelley* for appellant.

*H. Richard Uviller* of counsel (*Richard G. Denzer* with him on the brief; *Frank S. Hogan, District Attorney, New York County,* attorney), for respondent.

McNALLY, J. The defendant was convicted of burglary in the third degree and grand larceny in the first degree. The District Attorney filed an information pursuant to section 1943 of the Penal Law charging the defendant with having been previously convicted of three felonies in the State of New York. The defendant admitted he was the person named in the information and was thereupon sentenced to a term of not less than 15 years nor more than life in State prison for the crime of burglary. Sentence was suspended on the larceny count.

The record discloses that the defendant was apprehended inside the complainant's apartment, which showed signs of a forcible entry, with 14 pieces of her jewelry, including a diamond ring and a claw hammer on his person. At the time of his arrest defendant admitted that he had broken into the apartment with the claw hammer and had stolen the jewelry.

The evidence established the defendant's guilt of the crimes of burglary in the third degree and grand larceny in the first degree. Defendant does not challenge the sufficiency of the evidence supporting the jury's verdict.

Defendant contends that the jury's verdict of acquittal on the third count charging possession of burglar's tools renders his conviction of burglary inconsistent and therefore reversible.

The evidence, however, demonstrates that the verdicts on these two counts are not inconsistent since there was ample basis for the jury to find all the elements of the crime of burglary and yet support a reasonable doubt with respect to the third count. The jury may have rejected the testimony of the People's expert witness to the effect that the hammer was a burglar's tool. The opinion of the witness in that respect was challenged by the defendant's counsel on both cross-examination and in summation. The jury also may have concluded that the defendant did not possess the particular implement charged and introduced in evidence but had broken into the premises using the pen knife which he admitted he had carried to break into parked cars. Again they might have doubted the complainant's assertion that she had locked her door, and yet found the door to have been closed but not locked. In any event, it was within the province of the jury to regard as unproven or ignore the evidence of the defendant's possession of burglar's tools. (*People* v. *Haupt*, 247 N. Y. 369, 371.)

The evidence fully supports the defendant's conviction of the crime of grand larceny in the first degree either by stealing property valued in excess of $500 (Penal Law, § 1294, subd. 3) or by stealing property valued in excess of $25 from a dwelling house in the nighttime (Penal Law, § 1294, subd. 2). There was but one larceny count in the indictment, however, and it did not specify the elements of subdivision 2 of section 1294 of the Penal Law, that is, larceny from a dwelling house in the nighttime.

In the course of the jury's deliberations, it sent a request to the trial court for further clarification of the "charge concerning what constitutes grand larceny at night." In response thereto, the court charged as follows: "There are several sections of the statute, but the section that applies in this particular case reads as follows: 'Property of the value of more than $25, by taking the same in the nighttime from any dwelling-house, vessel, or railway car; or, property of the value of more than $500, in any manner whatever.'"

Counsel for the defendant excepted to the court's charge as follows: "I respectfully take exception to that part of your Honor's charge dealing with larceny and values at night on the ground that that charge has no place in this proceeding in view of the fact that the second count of the indictment makes no such charge. The count of the indictment which I refer to charges grand larceny in the first degree merely and solely by reason of the value of the property alleged to have been stolen. It makes no mention whatsoever of the fact that the property

was taken from the dwelling-house at night, and I think, therefore, that your Honor's charging is erroneous, and I take exception to it. THE COURT: Your exception is noted."

The case was tried on the theory that subdivision 3 and no other subdivision of section 1294 of the Penal Law was applicable. It cannot be determined, particularly in view of the jury's said request and the charge in response thereto, whether the jury convicted the defendant of the crime charged in the indictment or the crime defined in subdivision 2 of section 1294 of the Penal Law.

The judgment of conviction should be modified to the extent of reversing on the law the conviction of the defendant of the crime of grand larceny and a new trial thereon ordered, and otherwise affirmed. Since the sentence was suspended with reference to the larceny count, the sentence on the burglary count should not be disturbed.

RABIN, J. P., FRANK, VALENTE and BERGAN, JJ., concur.

Judgment unanimously modified to the extent of reversing on the law the conviction of the defendant of the crime of grand larceny and a new trial thereon ordered, and, as so modified, affirmed.

Settle order.