■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES KIRKLAND, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered November 15, 1974, convicting him of robbery in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The trial court, over objection, refused to reject as inconsistent the jury verdict finding defendant guilty of robbery in the first degree and grand larceny in the third degree but not guilty of possession of a weapon, dangerous instrument and appliance, as a felony. The verdict was indeed inconsistent. Robbery in the first degree requires, for the purposes of this case, a forcible stealing of property during the commission of which the robber "Displays what appears to be a pistol". It is, however, an affirmative defense to first degree robbery that what appeared to be a pistol was incapable of firing (Penal Law, § 160.15, subd 4). We hold that the jury verdict of not guilty of possession of a pistol in this case was conclusive on

at least such affirmative defense, although the verdict could further have indicated that the jury believed there was no weapon at all. If the jury acquitted on the weapon charge for lack of intent (Penal Law, § 265.05, subd 9), such a determination would be inconsistent with the robbery finding. In either case, the conviction of robbery in the first degree was improper and inconsistent. The case should have been returned to the jury for further consideration. In view of the foregoing, on the robbery count the retrial should be limited to robbery in the second degree. The other arguments raised by defendant are not grounds for reversal. Rabin, Acting P. J., Hopkins, Latham, Christ and Brennan, JJ., concur.