■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY PARKS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 30, 1975, convicting him of kidnapping in the second degree, robbery in the first degree, attempted assault in the first degree, possession of weapons, etc., as a misdemeanor, grand larceny in the second degree and unauthorized use of a vehicle, upon a jury verdict, and imposing sentence. Judgment modified (1) on the law, by reversing the convictions of kidnapping in the second degree and possession of weapons, etc., as a misdemeanor, and the sentences imposed thereon, and dismissing the counts of the indictment upon which those convictions are based, and (2) on the law and as a matter of discretion in the interest of justice, by reducing the conviction of robbery in the first degree to one of robbery in the second degree. As so modified, judgment affirmed, and case remanded to Criminal Term, for resentence on the conviction of robbery in the second degree. Defendant-appellant Gary Parks, and a codefendant, were the subjects of a nine-count indictment, charging kidnapping in the second degree, robbery in the first degree (three counts), robbery in the second degree, attempted assault in the first degree, possession of weapons, etc., as a felony, grand larceny in the second degree and unauthorized use of a vehicle. According to the complainant, Richard Napolitano, appellant and codefendant appeared at his home, posing as prospective buyers for his automobile, which he had advertised for sale. They pulled a gun on him, forced him into the car, and drove away. While driving, appellant and codefendant robbed Napolitano of various items, including more than $1,000 in cash. They then abandoned him on the side of the road, after allegedly firing a shot at him. At the trial the jury, by its verdict, chose to disbelieve that a shot had been fired. About five days later, appellant and codefendant were arrested in Philadelphia after having been stopped for running a stop sign while in the complainant's car. They were brought back to New York. At 5:00 A.M. on January 22, 1974 complainant received a call from a detective at the local precinct, who told him to come down because "We have two men here we want you to look at." Complainant went to the precinct, where he met the detective. The latter brought him into a room with a one-way mirror and said "I just picked up two guys that were caught driving your car * * * See if these guys could be the guys." Complainant looked through the mirror and saw appellant and codefendant, the only two persons in the room. He recognized them as the two men who had stolen his car. However, when the detective asked him "Are those the guys that did it?" complainant said that he did not know. At the trial, he said that he had been afraid to identify them at that time. Complainant did identify them

later the same day. The court denied a defense motion to suppress complainant's in-court identification, finding that it was based upon an independent source, to wit, the face-to-face confrontation between complainant and defendants at the time of the crime. Counsel for codefendant then moved to suppress the precinct identification. Counsel for appellant not only did not join in that motion, he actively opposed it. The court denied the motion on the ground that there was no precinct identification to suppress. After a jury trial, appellant and codefendant were convicted of the afore-mentioned crimes. Appellant now advances five arguments to support his contentions that the judgment should be reversed and the indictment dismissed. We deal with them seriatim.

1

His conviction for kidnapping should be reversed, and the corresponding count of the indictment dismissed, on the ground that the kidnapping merged with the robbery. The People so concede and we agree (see *People v Levy,* 15 NY2d 159, cert den 381 US 938; *People v Cassidy,* 40 NY2d 763, 767).

2

The court erred in permitting the prosecution to introduce evidence of complainant's precinct identification. We do not agree. The minutes of the *Wade* hearing indicate that when counsel for codefendant moved to suppress the precinct identification, counsel for appellant not only did not join in the motion, but also, as noted above, took an active role in opposing it. Counsel's use of complainant's failure to identify appellant at the precinct, both on cross-examination of complainant, and on summation, indicates that it was a conscious choice on the part of appellant to attempt to discredit complainant's testimony. This strategy having failed, we see no reason to permit appellant to take a contrary position here. We note, also, that any error committed in permitting evidence of the precinct showup was rendered harmless by the independent basis for complainant's in-court identification, to wit, his face-to-face confrontation with the appellant in the close confines of his car for a period of almost 30 minutes.

3

The claim of defendant is that the jury's verdict is repugnant. We agree that he correctly interprets the jury's verdict of guilty of the lesser crime of possession of weapons, etc., as a misdemeanor, as indicative of the fact that the jury placed no credence in the testimony of complainant that the gun displayed during the robbery was loaded (see Penal Law, former § 265.05, subds 2, 3). He also correctly points out that under subdivision 4 of section 160.15 of the Penal Law, it is an affirmative defense to robbery in the first degree that a firearm displayed during the robbery was not loaded. We have held that an acquittal of the charge of possession of weapons, etc., as a felony, establishes the affirmative defense to an accusation of robbery in the first degree under subdivision 4 of section 160.15 of the Penal Law (see *People v Kirkland,* 50 AD2d 574). Ordinarily we would not reach the merits of this argument, as the record shows that Parks waived it by failing to object either to the court's charge, or to the jury's verdict, in which case the jury could have been directed to continue its deliberation (see CPL 310.50, subd 2; *People v Salemmo,* 38 NY2d 357). We do so, however, in the interest of justice, bearing in mind that a lighter sentence may have been imposed

on defendant for robbery in the second degree than was imposed upon him for his conviction of robbery in the first degree.

### 4

In view of our disposition of Point 3, we need not dwell on the argument that subdivision 4 of section 160.15 of the Penal Law abuses due process. The Court of Appeals in both *People v Felder* (39 AD2d 373, affd 32 NY2d 747, app dsmd 414 US 948) and more recently in *People v Clark* (41 NY2d 612) has upheld the constitutionality of that section.

### 5

The People agree, as do we, with appellant's contention that the conviction of the weapons charge should have been dismissed as a lesser included offense after he was convicted of robbery and attempted assault charges (see CPL 300.30, subd 4; 300.40, subd 3, par [b]). Hence, we remand for resentence as indicated. Cohalan, J. P., Damiani, Hawkins and Mollen, JJ., concur.