■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHARLES VINCENT PRICE, Respondent.—Appeal by the People from (1) an order of the Supreme Court, Westchester County, entered January 3, 1978, which granted defendant's motion to set aside the jury verdict and (2) a further order of the same court, dated January 6, 1978, which, upon resettlement, dismissed the indictment on the ground that the verdict was inconsistent and the result of a compromise. Appeal from the order entered January 3, 1978, dismissed. Order dated January 6, 1978 reversed, on the law, indictment and verdict reinstated, and case remanded to Criminal Term for sentencing. Defendant-respondent's motion to dismiss this appeal was denied on October 25, 1978 with leave to renew on the appeal. The motion was renewed at oral argument. Upon reconsideration, we adhere to the prior ruling. The issue raised by the motion concerns the timeliness of the filing of the notice of appeal by the People. Defendant contends that the order being appealed was the written order filed on January 3, 1978. The People contend that the order being appealed from is the court's January 6, 1978 ruling from the Bench on the People's motion for resettlement. Since, at the earliest, the notice of appeal was filed on February 6, 1978, it is important to determine from which order the appeal was taken. Thirty days from January 6, was February 5, a Sunday, thereby making the appeal from the latter order timely. (See CPL 460.10.) The written order filed January 3 simply states "MOTION GRANTED to set aside verdict." The People then moved for resettlement because this order did not state whether the court intended to dismiss the indictment or direct a new trial. The motion was heard and decided in a brief, open-court colloquy on January 6, 1978. When asked what corrective action it meant to prescribe, the court said that dismissal of the indictment was intended. No written order setting forth this corrective action was issued. It is our opinion that the appealable order is that of January 6 because that is when corrective action was directed. The CPL provides that a trial court which sets aside a verdict must take corrective action (CPL 330.50, 470.20). Therefore, the court's order filed January 3 was incomplete. Upon resettlement, it became final by the direction of corrective action. If the People filed the notice of appeal on February 6, 1978 the appeal was timely taken. There is ample proof in the

form of affidavits and photostatic copies from the County Clerk's minute book that the Assistant District Attorney served two copies of a notice of appeal on the County Clerk of Westchester County and mailed a copy to defendant's attorney on February 6. Such service was proper and the appeal timely taken (see CPL 460.10). On the merits of the appeal, the issue is whether the verdict herein was inconsistent or repugnant. Defendant was indicted, *inter alia,* for selling cocaine to an undercover policeman named Rosato on September 9 and September 11, 1976. The sales were arranged by a confidential informant named Gambel. At the trial, Gambel and Rosato testified that defendant met them in a parking lot behind the delicatessen where Gambel was employed. The purpose of the meeting was to transact a sale of cocaine. Rosato and the defendant entered defendant's vehicle where Rosato purchased what turned out to be cocaine. This sequence of events, with minor variation, occurred on both September 9 and September 11. A defense of alibi on both days was presented; defendant claimed to be occupied at his job. The jury returned a verdict convicting the defendant of the September 11 sale and acquitting him of the September 9 sale. Defendant moved to set aside the verdict as inconsistent and repugnant. The trial court granted the motion on the ground that the jury could not logically credit the testimony of the People's witnesses as to the second sale while rejecting their testimony as to the first sale. We disagree and hold that this verdict was not repugnant. It is beyond cavil that each count of an indictment is considered separately and inconsistency in the verdict on the counts in an indictment does not invalidate the verdict *(Dunn v United States,* 284 US 390; *People v Torres,* 5 AD2d 134, affd 5 NY2d 804, cert den 359 US 993). Thus, the counts of the indictment at bar are to be considered as if two separate prosecutions were commenced based on two separate criminal acts. There is no requirement that the two prosecutions for sale of a controlled substance here involved result in the same verdict simply because the crimes charged are factually analogous. Nor is this verdict repugnant. A repugnant verdict posits an indictment which charges two crimes, arising out of one criminal transaction, each of which has identical elements, and where the jury convicts the defendant of one crime and acquits him of the other (see *People v Bullis,* 30 AD2d 470; *People v Pugh,* 36 AD2d 845). "One accused in different counts of an indictment of the same crime, there being no difference in the means alleged to have been employed, may not be adjudged guilty on a verdict of conviction of one count and of acquittal on the other" *(Dunn v United States, supra,* dissenting opn of Butler, J., p 402). In the case at bar, the indictment charged two separate criminal transactions for which different "means" were employed. The jury's verdict cannot therefore be considered repugnant. Though not substantial, there were differences in proof on the two sales. A certain distinction was the proof of defendant's alibi. Defendant's father and co-worker were able to place defendant in the tailor shop at the time of the alleged sale on September 9, whereas no such certitude could be attached to the defendant's whereabouts on September 11. As for the testimony of the People's witnesses, it has always been the jury's province to totally believe their testimony or totally disbelieve their testimony, or believe it in part and disbelieve it in part. The jury chose the last option and it is not for this court to speculate into the deliberative process in order to justify the verdict. This case is therefore distinguishable from our holding in *People v Wilson* (57 AD2d 908). There, the testimony of the prosecution's sole identification witness was so replete with error and inconsistency, some of which was exacerbated by an instruction of the trial court, that the jury's verdict convicting the defendant of one

sale of narcotics (while acquitting him of the other sale) was against the weight of the trial evidence. In the case at bar, however, it cannot be said that the trial evidence was insufficient to sustain the guilty verdict. Accordingly, the indictment and verdict are reinstated. Hopkins, J. P., Titone, O'Connor and Cohalan, JJ., concur.