■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLERY D. JACKSON, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered July 21, 1977, convicting him of grand larceny in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Both the appellant and one William H. Tuck were charged in a four-count indictment with the crimes of robbery in the first and second degrees, grand larceny in the second degree and criminal possession of a weapon in the third degree. The first three counts related to a certain bank robbery. The fourth count stemmed from the fact that when the appellant was arrested within one hour following the robbery, he had in his possession a defaced and loaded semiautomatic gun. The appellant was arrested when he returned a rented automobile, but Tuck, who was a passenger in the car, eluded the police at that time. Approximately 45 to 50 minutes thereafter, Tuck was arrested as he alighted from a taxicab near his home, and he was found to be in possession of a large sum of money. When arrested, the appellant also had in his possession a considerable amount of money. After a severance and a separate trial, the jury returned a verdict finding the appellant guilty of the third and fourth counts (grand larceny and possession of a weapon) and not guilty of the first two counts (robbery). The appellant was sentenced to two consecutive indeterminate prison terms, each with a minimum of three and one-half years and a maximum of seven years. On appeal, the appellant claims that the verdict of not guilty of robbery and guilty of grand larceny is inconsistent and repugnant. Each

count of an indictment is considered separately and inconsistency in the verdict on the counts in an indictment does not vitiate the judgment. If the convictions are rationally reconcilable, they may stand together *(People v Haymes,* 34 NY2d 639; *People v Pugh,* 36 AD2d 845, affd 29 NY2d 909, cert den 406 US 921; *People v Williams,* 47 AD2d 262, 266). However, where a defendant is convicted of one crime and acquitted of another, and the elements of each are "identical", the verdict is not only inconsistent but repugnant and the judgment may not stand *(People v Williams, supra,* p 266). Notwithstanding the appellant's claim, the elements of the crimes of robbery and larceny are not identical (see Penal Law, §§ 155.05, 160.00). Further, by failing to object either to the charge or to the verdict, the appellant waived this argument (cf. *People v Parks,* 59 AD2d 543, 544). The sentences imposed were based on proper considerations—the evidence adduced at the complete trial and the presentence report. The consecutive sentences imposed were not excessive. We have considered the appellant's remaining arguments and they do not warrant reversal. Lazer, J. P., Rabin, Gulotta and Cohalan, JJ., concur.