■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE ORSILINI, Appellant.—Judgment, Supreme Court, Bronx County, rendered December 2, 1977, convicting defendant, after a jury trial, of criminal possession of a forged instrument in the second degree (two counts) (Penal Law, § 170.25), criminal possession of stolen property in the second degree (two counts) (Penal Law, § 165.45), and unauthorized use of a vehicle (two counts) (Penal Law, § 165.05), modified, on the law, to the extent of reversing the conviction as to the sixth and twelfth counts of the indictment and dismissing those counts and remanding the matter for resentencing and for further proceedings pursuant to CPL 460.50 (subd 5) and, as so modified, affirmed. In May, 1974, defendant went to the Jack and George Service Station and rented a van by presenting a stolen driver's license in the name of Tachetta and by allegedly signing Tachetta's name to the lease agreement. During this entire negotiation and transaction, he never represented that he acted on behalf of any person other than whom he purported to be,

to wit, Tachetta. He never disclosed his true identity. The vehicle was not returned within the 24-hour rental period. Tachetta never authorized the use of his name for this transaction. Subsequently, on June 8, 1974, defendant rented a truck from a Shell service station by presenting a stolen operator's license bearing the name Cohen. The rental agreement was drawn up in the name of Cohen and defendant did not return the truck within the rental period. Again, defendant never disclosed his true identity. On June 13, 1974, the police stopped the truck operated by defendant for turning right on a red light. Defendant, unable to produce a license or vehicle registration, possessed only the rental agreement in the name of Cohen. He was placed under arrest when it was learned that the van and Cohen's license had been reported stolen. The signature on the agreement purporting to be that of Cohen was identified as not being his signature. The sole defense witness, a handwriting expert, testified that the signatures on the two rental agreements were not in defendant's handwriting and bore no relationship to each other. The jury accepted this testimony by acquitting defendant of the crime of forgery in the second degree. However, they found defendant guilty of two counts (the second and eight counts) of criminal possession of a forged instrument in the second degree. These findings are not repugnant. The crimes of forgery and possession of a forged instrument are not identical; they are distinct, arising upon different acts (see *People v Tower,* 135 NY 457). Patently, the record herein admits a rational basis upon which the jury, although finding that defendant did not forge the signatures on the rental agreements, could find that he possessed the said contracts knowing the same to be forged and with intent to defraud, deceive and injure another. The jury could reasonably find that defendant—(a) in presenting a stolen driver's license, i.e., bearing a name other than defendant's; (b) by concomitantly not ever admitting or declaring the true circumstance, that he was not the person designated on the license, during the negotiation and consummation of each truck rental transaction; and (c) by concomitantly having the lease agreement read in the name of the operator designated in the stolen driver's license, was fully cognizant that the purported signature (of the operator designated in the stolen driver's license) set forth in the lease agreement was not genuine, albeit they (the jury) found that defendant did not actually forge the signature of the operator designated in the stolen driver's license to the lease agreements. Parenthetically, we note that there is no merit to defendant's contention that the People did not sufficiently prove that Cohen did not sign or authorize the signing of the June 8, 1974 rental agreement, given the testimony of Cohen's son who was familiar with his father's signature and who had seen him write with frequency and comparative recentness (see *People v Molineux,* 168 NY 264). However, defendant's convictions under the sixth and twelfth counts of the indictment charging the unauthorized use of a vehicle pursuant to section 165.05 of the Penal Law are lesser included offenses to the counts charging criminal possession of stolen property in the second degree pursuant to section 165.45 of the Penal Law. All elements required to prove the former offenses were required to establish the greater offense (see *People v Turner,* 61 AD2d 845). Defendant's remaining contentions have been reviewed and found to be without merit. Concur—Sandler, J. P., Sullivan, Lane, Lupiano and Silverman, JJ.

Silverman, J., also concurs in a separate memorandum, as follows: I agree with the court's memorandum. But even if I thought that there was no rational basis for the jury to find the defendant not guilty of the forgery counts but guilty of the possession of a forged instrument, I would still

affirm. Once lesser counts are submitted to a jury along with the greater, the jury, as a practical matter, has the prerogative of mercy; it may decide not to convict of the greater crime even though it believes the defendant to be guilty of the greater crime and convict only of the lesser included crime, provided of course the evidence establishes guilt of at least the lesser crime. "The power of a jury in a criminal case to reject, though unreasonably, evidence which is uncontradicted and unimpeached, and to extend mercy to an accused by finding a lesser degree of crime than is established by the evidence, cannot be challenged in an appellate court." *(People v Rytel,* 284 NY 242, 245.) "As is manifest, merciful or weak jurors may disregard even overwhelming proof of culpability and acquit entirely or convict of a lower crime than the evidence reflects. But that, it has been correctly observed, is 'their responsibility and not the court's.' " *(People v Mussenden,* 308 NY 558, 563.) "Consistency in the verdict is not necessary." *(Dunn v United States,* 284 US 390, 393.) This is different from the case where the elements of the two crimes are identical so that the jury's verdict amounts to finding the defendant both guilty and not guilty of essentially the same crime (e.g., *People v Bullis* 30 AD2d 470, 472; *People v Rivera,* 59 AD2d 675, separate concurrence by Silverman, J.).