■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNELL THOMPSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 30, 1975, convicting him of

kidnapping in the second degree, robbery in the first degree, attempted assault in the first degree, possession of weapons, etc., as a misdemeanor, grand larceny in the second degree, and unauthorized use of a vehicle, upon a jury verdict, and sentencing him as a second felony offender. Judgment modified (1) on the law, by reversing the conviction of kidnapping in the second degree, and the sentence imposed thereon, and dismissing the said count, (2) on the law and as a matter of discretion in the interest of justice, by reducing the conviction of robbery in the first degree to one of robbery in the second degree, and vacating the sentence imposed thereon, and (3) on the law, by vacating the sentences imposed on the convictions of attempted assault in the first degree and grand larceny in the second degree. As so modified, judgment affirmed and case remitted to Criminal Term for resentencing in accordance herewith. With respect to the count of kidnapping in the second degree, the conviction is reversed and the count dismissed for the reasons stated in *People v Parks* (59 AD2d 543), the appeal involving the codefendant of this defendant. Defendant's conviction of robbery in the first degree is reduced to one of robbery in the second degree, also for the reasons stated in *People v Parks (supra)*. Although Criminal Term found that defendant's 1972 Pennsylvania conviction was for a crime equivalent to a felony in New York and therefore sentenced him as a second felony offender (see Penal Law, § 70.06, subd 1, par [b], cl [i]), the record does not afford an adequate opportunity to review that finding. Accordingly, we vacate the sentences imposed on those felony convictions not reversed herein and remit the matter for resentencing. This resentencing is to be preceded by an inquiry, on the record, into whether defendant's 1972 conviction was "of an offense for which a sentence to a term of imprisonment in excess of one year * * * is authorized in this state irrespective of whether such sentence was imposed" (see Penal Law, § 70.06, subd 1, par [b], cl [i]). We note that we affirm defendant's conviction of possession of weapons, etc., as a misdemeanor, despite the fact that the corresponding conviction was reversed and that count dismissed in *People v Parks (supra, p 545)* as a lesser included offense of the robbery and attempted assault convictions and despite the fact that the People concede such a result is required here. In the interim between our decision in *Parks* and the instant appeal, the Court of Appeals decided *People v Perez* (45 NY2d 204, 210), in which the court rejected a similar contention stating, pertinently, that "the crimes of robbery and possession of a weapon constitute separately cognizable and statutorily proscribed wrongs. These crimes differ not merely in the requisite mental state of the actor, but, more importantly, in other underlying conduct and result * * * Because of the serious danger to the public posed by individuals who possess weapons, we believe that, as a matter of policy, the Legislature could not have intended that a weapons possession charge, such as the charge involved in this case, merge with the greater crime of robbery, notwithstanding the absence of evidence of the defendant's possession of the weapon independent of his conduct during the commission of the robbery." That language is controlling in the instant case. We have considered defendant's other arguments and find them to be without merit. Damiani, J. P., Titone, Margett and Martuscello, JJ., concur.