■ The People of the State of New York, Respondent, v Ivan D. Gerhath, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered February 2, 1979, convicting him of attempted assault in the third degree, after a nonjury trial, and imposing sentence. Judgment reversed, on the law, indictment dismissed and the case is remitted to Supreme Court, Suffolk County, for entry of an order in its discretion pursuant to CPL 160.50. The defendant, an anesthesiologist, was indicted for the crime of assault in the second degree. The charge grew out of an incident at Central Suffolk Hospital involving a patient, Mary Robarge, who had entered the hospital for a cystoscopy, a minor surgical procedure designed to detect and remove tumors from the bladder. The prosecution alleged that, following the operation, the defendant approached Ms. Robarge in the recovery room and surreptitiously injected a drug known as Benadryl into the intravenous apparatus to which she was connected. It was further alleged that, when the drug entered her body, it caused her to suffer a sudden and severe adverse reaction. The evidence against the defendant was entirely circumstantial. Essentially, the prosecution relied on testimony placing the defendant in close proximity to Ms. Robarge's bed immediately prior to her reaction. Although no witness testified to seeing the defendant actually inject the drug, there was evidence that he had been seen holding what appeared to be a syringe only inches away from the patient's intravenous tubing. Further, in an attempt to establish motive, the People showed that, prior to her surgery, Ms. Robarge had emphatically rejected the defendant as her anesthesiologist. Additionally, there was proof suggesting friction between the defendant and other members of the hospital staff, and the prosecution inferred from this that Ms. Robarge's difficulties had been caused by the defendant in an effort to discredit his colleagues. The defense, however, relied on the same evidence of discord to support its contention that the defendant had been falsely accused by vindictive members of the hospital staff. The single count indictment charged the defendant with violating subdivision 5 of section 120.05 of the Penal Law which provides: "A person is guilty of assault in the second degree when: * * * 5. For the purpose other than lawful medical or therapeutic treatment, he intentionally causes stupor, unconsciousness or other physical impairment or injury to another person by administering to him, without his consent, a drug, substance or preparation capable of producing the same". At the conclusion of the trial, the court acquitted the defendant of this charge. The court also considered, as lesser included offenses, the crimes of attempted assault in the second degree and assault in the third degree, and specifically acquitted the defendant of both those charges as well. However, the court found the defendant guilty of attempted assault in the third degree, and it is from this conviction that the defendant now appeals. We reverse. Under the facts of this case, the crimes of assault in the second degree and assault in the third degree were coextensive. The defendant would be guilty of the former if he intentionally caused physical injury to the complainant by administering a drug to her without her consent and for other than a lawful medical or therapeutic purpose. (See Penal Law, § 120.05, subd 5.)* The record is barren of any evidence suggest-

---

* The statute speaks of conduct causing "stupor, unconsciousness or other physical impairment or injury". (Emphasis supplied.) Stupor and unconsciousness are both clearly "impairment[s] of physical condition" and therefore fall within the definition of "physical injury." (See Penal Law, § 10.00, subd 9; cf. People v Smithtown Gen. Hosp., 93 Misc 2d 736, 741.) Indeed, the trial court here recognized that fact when it

ing that Ms. Robarge had consented to the injection or that it had been administered for a lawful medical or therapeutic purpose. That being so, the defendant stood to be convicted of assault in the second degree if it were established that he had intentionally caused physical injury to Ms. Robarge by administering a drug to her. As to the lesser charge, the defendant would be guilty of assault in the third degree if he intentionally caused physical injury to Ms. Robarge through any means. (See Penal Law, § 120.00, subd 1.) Since the only act which the defendant was alleged to have committed was the injection of Benadryl, it follows that he could not have commited assault in the third degree without also having committed assault in the second degree. And, by a parity of reasoning, the same would be true of attempts to commit those crimes. Therefore, the verdict of guilt on the charge of attempted assault in the third degree is irreconcilable and fatally inconsistent with the acquittal pronounced on the charge of attempted assault in the second degree. Accordingly, the defendant's conviction must be reversed and the indictment dismissed. (See *People v Dercole,* 72 AD2d 318; cf. *People v Carbonell,* 40 NY2d 948.) In view of our disposition of the appeal, we have no occasion to decide whether the purely circumstantial evidence presented by the People was legally sufficient to support the defendant's conviction. Mollen, P. J., Gibbons, Martuscello and Weinstein, JJ., concur.

---

found that the defendant had intended "to cause unconsciousness or physical impairment, which is tantamount to physical injury."