■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL F. GLASS, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered June 29, 1979, convicting him of criminal possession of a weapon in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Damiani, J. P., Mangano and Weinstein, JJ., concur.

Lazer, J., concurs in part and dissents in part, with the following memorandum: This appeal presents another factual variation among the growing number of circumstances which inspire appeals seeking reversal on the ground of repugnancy. In affirming, without opinion, my colleagues obviously have concluded that no repugnancy exists. In my view, no explanation based on this record can accommodate defendant's conviction for unlawful possession of a weapon with his acquittal on the charges of attempted murder and assault in the second degree. The record reveals that during the course of a four player game of dominoes in a neighborhood delicatessen, a dispute over some aspect of

the game erupted between defendant and an individual named Santiago. During the argument, Santiago pushed the defendant who then left the store saying "[y]ou'll pay for this" and returned 5 or 10 minutes later with a revolver. Pointing it in Santiago's direction, he fired a shot and during the ensuing struggle for the gun two more shots were fired. Ultimately the defendant was disarmed, but Santiago came out of the altercation with bullet wounds to the head and finger. The defendant was indicted for attempted murder in the second degree, assault in the second degree and criminal possession of a weapon in the second degree. The attempted murder count charged defendant with shooting Santiago with intent to cause his death; the assault in the second degree count alleged that defendant shot Santiago with intent to cause him physical injury; the criminal possession count accused the defendant of possessing a weapon with the intent to use it unlawfully against Santiago. The trial court also charged assault in the third degree (reckless assault) as a lesser included offense of assault in the second degree. To find the defendant guilty of this lesser included count, the jury was told it would have to find the defendant shot Santiago thereby creating "a substantial and unjustifiable risk of injury" to him. The jury found the defendant not guilty of attempted murder and assault in the second degree but found him guilty of reckless assault and criminal possession of a weapon in the second degree. Defendant immediately moved to reverse the weapons conviction on the ground of repugnancy to the other verdicts. The court reserved decision on the application and ultimately denied it on the sentencing date. The defendant's primary contention on this appeal is that the jury's rejection of assault in the second degree and attempted murder — under which the People were required to prove that defendant shot Santiago with intent to kill or cause him physical injury — conclusively negatived the element of the weapons count which required proof that the defendant possessed a firearm with intent to use it unlawfully against Santiago. Applying the repugnancy rule, defendant contends that the weapons conviction must be reversed and that count dismissed. Because a claim of repugnancy in the verdicts is a claim of trial error which must be preserved by appropriate objection (*People v Dercole,* 52 NY2d 956), the defendant's timely protestation presents us with a claim of legal error to be decided accordingly. In *People v Dercole (supra)* this court posited the existence of two basic strands of the repugnancy rule. The first, illustrated by *People v Kass* (32 NY2d 856) and *People v McEaddy* (30 NY2d 519), requires reversal when the count upon which there was a conviction has identical elements to those contained in a count upon which the jury acquitted. The second strand, deduced from *People v Carbonell* (40 NY2d 948), mandates reversal of a conviction where the jury acquits on a charge that has the effect of negating the existence of an essential element of the crime upon which there was a conviction. An overview of the precedents in repugnancy jurisprudence makes it clear that in reviewing verdicts alleged to be repugnant the appellate court searches within the constraints of the record for a "rational theory" by which to harmonize the seemingly discordant findings and uphold the conviction (see, e.g., *People v Garcia,* 72 AD2d 356; *People v Jackson,* 69 AD2d 823; *People v Orsilini,* 69 AD2d 766). Acceptable rational theories include differences in the basic elements of the crimes (see, e.g., *People v Schaffer,* 80 AD2d 865; *People v Jackson, supra; People v Ross,* 68 AD2d 962; *People v Gross,* 51 AD2d 191; *People v Tucker,* 47 AD2d 583; *People v Pierce,* 40 AD2d 581; cf. *People v Gerhath,* 77 AD2d 628), in the proof offered in support of the counts or in the jury's possible evaluation of the proof (see, e.g., *People v Garcia, supra; People v Orsilini, supra; People v Price,* 67 AD2d 990; *People v Dilan,* 58 AD2d 655); but an explanation founded upon the possibility of jury mistake, compromise or leniency is unacceptable and will not save a repugnant verdict of conviction

unsupported by a rational theory rooted in the record. When these principles are applied to the instant facts, the conviction for criminal possession of a weapon in the second degree, is repugnant to the dispositions on the attempted murder and assault in the second degree counts because the acquittals negated the intent element necessary to a conviction upon the weapons charge. The case is scarcely distinguishable from *People v Cintron* (67 AD2d 1007) where the defendant was convicted of possession of a weapon with intent to use it unlawfully and acquitted on an intentional assault count. Cintron admitted to shooting the complainant but asserted that he had done so in self-defense. Because the acquittal on the assault evidenced the People's failure to prove intent to cause injury, and since no other evidence of unlawful intent was presented, this court reversed the weapons conviction on the ground that "no conceivable version of the facts" (p 1008) could support the verdict. Here, the defendant's unlawful intent against Santiago was evidenced by the undisputed fact that he fired his gun at him. The jury decided, however, that there was insufficient evidence of intent to kill or injure Santiago. If the fact that defendant angrily rushed home to get a gun and returned to fire a shot at Santiago is insufficient to establish intent to kill or injure, it is insufficient to establish that defendant possessed the weapon with any unlawful intent against Santiago. Absent any rational explanation for these utterly contradictory verdicts, there exists a repugnancy which is fatal to the weapons convictions, as to which there should be reversal and dismissal. I would affirm the conviction for reckless assault since that required no proof of unlawful intent.