THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANTHONY G. BULLIS, Appellant.

Fourth Department, October 31, 1968.

*Jon H. Porter* for appellant.

*Scott W. Crane, District Attorney (J. Robert Houston* of counsel), for respondent.

GOLDMAN, J.  The indictment charged defendant in three counts: that he had engaged in deviate sexual intercourse with a female infant eight years of age and accused him of sodomy in the first degree (Penal Law, § 130.50), sexual abuse in the first degree (Penal Law, § 130.65) and sexual misconduct (Penal Law, § 130.20).  The first count is a class B felony, the second a class D felony and the third a class A misdemeanor.  The jury acquitted defendant of the sodomy count and found him guilty of the other two counts.

Defendant urges with considerable logic that the acquittal of the sodomy charge and the conviction of the sexual misconduct charge constitute inconsistent verdicts.  Sodomy, first degree, is defined in the Penal Law (§ 130.50) as " deviate sexual intercourse with another person * * * who is less than eleven years old ".  A person is guilty of sexual misconduct (§ 130.20) when " He engages in deviate sexual intercourse with another person without the latter's consent " and under section 130.05 (subd. 3, par. [a]) " A person is deemed incapable of consent when he is: (a) less than seventeen years old ".  The basic elements of both statutes are that the behavior involves " deviate sexual intercourse " and with a person either under 11 or 17 years of age.  Being but 8 years old the girl involved in this appeal qualifies·under both statutes.  The record amply supports the jury's finding that defendant was guilty of deviate sexual intercourse with the child in question.  Thus, the crime constituted both a class B felony and a class A misdemeanor.  The question is quite properly raised how the jury could acquit on one charge and find guilt on the other.  This squarely presents the dilemma in which a Trial Judge finds himself under the facts here presented.

It might well be contended that each count in an indictment is to be regarded as if it were a separate indictment and consistency in a verdict is unnecessary (*Dunn* v. *United States,* 284 U. S. 390, 393; *People* v. *Steffens,* 12 A D 2d 962; *People* v. *Sciascia,* 268 App. Div. 14, 15).  However, as indicated above, because sodomy, first degree, and sexual misconduct both involve an act of deviate sexual intercourse with one not capable of consenting, we have a situation in this record where the evidence either supports a finding that the defendant was guilty of

deviate sexual intercourse or that he was not and an acquittal of one of these counts and a verdict of guilty on the other is not merely inconsistent but repugnant. When the indictment charges two crimes, each of which has identical elements, a finding of guilty on one but not on the other is truly repugnant, as opposed to being merely inconsistent. Although Mr. Justice BUTLER dissented in *Dunn* v. *United States* (*supra,* p. 402), he concurred with the majority in this statement: " One accused in different counts of an indictment of the same crime, there being no difference in the means alleged to have been employed, may not be adjudged guilty on a verdict of conviction on one count and of acquittal on the other. [Citing cases.]". The probable reason for the jury's verdict in the case at bar is the instruction of the trial court that the crime of sexual misconduct was a lesser degree of the crime of sodomy, first degree. The court said in its charge that sexual misconduct had the same elements as sodomy, first, but that it was required to charge the crime of sexual misconduct because it was a lesser degree of sodomy, although included in the sodomy charge (Code Crim. Pro., §§ 444, 445; *People* v. *Calhoun,* 20 A D 2d 528). The trial court quite properly felt that " The rights of an accused may not be made to depend on the happenstance of draftsmanship " and that " the trial judge must submit such lower offense " (*People* v. *Mussenden,* 308 N. Y. 558, 561). The statutory language is, indeed, unfortunate and the Legislature might well address itself to the task of revision of these statutes in the interest of clarity and the elimination of the repugnancy inherent therein.

The claimed inflammatory remarks of the District Attorney should have been tempered but were not so prejudicial as to require reversal. This court and many others have frequently commented on the overzealous and immoderate remarks of prosecutors in their summations (*People* v. *Fielding,* 158 N. Y. 542; *People* v. *Moore,* 26 A D 2d 902) and they should be avoided and condemned. The remarks here were not of such quality but might well have been omitted. The statement of the District Attorney that the defendant testified but did not deny his guilt also is not grounds for reversal. As the court said in *People* v. *Connolly* (253 N. Y. 330, 341) : " He was not obliged to become a witness, but having done so, his conduct as a witness must be measured by the same standards as apply to the conduct of other witnesses ". (See, also, *People* v. *Trybus,* 219 N. Y. 18.)

The conviction for sexual misconduct should be reversed and the count of the indictment embodying this charge dismissed. Our disposition of this appeal leaves defendant guilty of the class D felony of sexual abuse in the first degree. Section 70.00

of the Penal Law provides for an indeterminate sentence for this felony and fixes a minimum sentence of three years and a maximum of seven years. The trial court gave no minimum sentence, as it had a right to do, and simply pronounced an indeterminate sentence of seven years. This was within the authority of the court so far as it related to the felony conviction, which we are affirming. The court did not indicate what sentence he was giving for the misdemeanor conviction which we are reversing. Under these circumstances the sentence is set aside and the matter remitted to the trial court for a resentencing in the light of our determination.

WILLIAMS, J. P., MARSH, WITMER and HENRY, JJ., concur.

Judgment unanimously modified on the law and facts and as modified affirmed, and matter remitted to Livingston County Court for further proceedings, all in accordance with the opinion by GOLDMAN, J.