▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEVEN RICHARD PIERCE, Appellant.— Judgment unanimously modified on the law and facts, by reversing so much thereof as convicts defendant of the crime of violating section 220.30 of the Penal Law, first count of indictment dismissed and as so modified judgment affirmed. Memorandum: Defendant appeals from a judgment of the County Court rendered upon a verdict convicting him of the crimes of criminally selling a dangerous drug in the fourth degree and criminal possession of a dangerous drug in the sixth degree. Defendant was indicted under three counts: (1) criminal sale of a dangerous drug in the fourth degree, a violation of section 220.30 of the Penal Law: (2) criminal possession of a dangerous drug in the fifth degree, a violation of section 220.10 of the Penal Law; and (3) criminal possession of a dangerous drug in the sixth degree, a violation of section 220.05 of the Penal Law. Following a jury trial, defendant was convicted on the first and third counts and acquitted on the second. ¶ We have considered, but must reject, defendant's contention that he acted solely as an agent for the buyer and could, therefore, not be convicted for the sale of dangerous drugs. This was a factual issue upon which the jury has made a finding adverse to the defendant and which finds support in the record. (See *People* v. *Hingerton,* 26 N Y 2d 790, 792.) ¶ Defendant also seeks reversal on the ground that the finding of guilt on the first and third counts of the indictment and the finding of innocence on the second count of the indictment are repugnant and, therefore, void. It is well established that each count in an indictment is to be treated as if it were a separate indictment and consistency in the verdicts is unnecessary (*Dunn* v. *United States,* 284 U. S. 390, 393; *People* v. *Torres,* 5 A D 2d 134, affd. 5 N Y 2d 804, cert. den. 359 U. S. 993). However, " When the indictment charges two crimes, each of which has identical elements, a finding of guilty on one but not the other is truly repugnant, as opposed to being merely inconsistent ". *People* v. *Bullis,* 30 A D 2d 470, 472.) In such instances, the judgment of conviction should be reversed. In convicting defendant of criminal sale of a dangerous drug in the fourth degree, the jury must necessarily have concluded that defendant knowingly and unlawfully possessed and sold a dangerous drug which, by definition and as charged by the Trial Judge, required the finding of a specific intent to sell (*People* v. *Latham,* 35 A D 2d 759, 760). This verdict was repugnant to the jury's finding of innocence on the second count of the indictment. In light of the elements which the jury must have necessarily found present by their finding of guilt under count one of the indictment, by no rational process could the jury acquit the defendant of the crime of criminal possession of a dangerous drug with intent to sell. Similarly by acquitting defendant of the second count of the indictment (criminal possession in the sixth degree) any conviction for criminal sale could not be upheld. Two of the elements necessarily found to exist, by reason of the conviction under the first count of the indictment, were the very same elements required for a conviction under the second count of the indictment. Consequently, the finding of the jury as to the first count the indictment was not only inconsistent but was repugnant to the jury's finding of innocence on the second count and the first count must, therefore, be dismissed. (*People* v. *Bullis,* 30 A D 2d 470.) ¶ No such problem is presented with the third count of criminal possession. There is no repugnancy between the verdict of

guilty on this count with the not guilty verdict on the second count, since two elements are required to convict on the second count, whereas but one of them is necessary on the third count. (Appeal from judgment of Oswego County Court convicting defendant of criminally selling dangerous drug, fourth degree and criminal possession of dangerous drug, sixth degree.) Present — Goldman, P. J., Del Vecchio, Marsh, Gabrielli and Moule, JJ.