■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS PRATTS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 4, 1974, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant was indicted under three counts as follows: (1) criminal sale of a controlled substance in the first degree; (2) criminal possession of a controlled substance in the second degree; and (3) criminal possession of a controlled substance in the third degree. All three counts relate to the same transaction. Following a jury trial, defendant was found guilty of the crime of criminal sale of a controlled substance in the third degree, which count was submitted to the jury as a lesser included offense of the first count of the indictment; he was acquitted of the second and third counts of the indictment. Defendant, *inter alia,* asserts that his acquittal of the possession counts "renders the guilty verdict as to the sale * * * a nullity and repugnant and [it] must be vacated". We disagree. The alleged "inconsistency" pertains to separate counts of the indictment (cf. *Dunn v United States,* 284 US 390); the elements of each crime were not identical *(People v Rivera,* 32 NY2d 950;

*People v Williams,* 47 AD2d 262, 266–267). Although the evidence over-whelmingly shows that defendant sold a quantity of drugs, it also shows that he never actually had the drugs in his possession. The physical delivery was made by a third person to the buyer; the verdict is consistent with these facts (see, e.g., *People v Pugh,* 36 AD2d 845, affd 29 NY2d 909, cert den 406 US 921). The Trial Judge also charged the jury that if it found defendant guilty of the first count, criminal sale of a controlled substance in the first degree, "then it must follow that he's guilty of having possession of narcotics with intent to sell in count two and also mere possession under count three." It has been additionally argued that the jury's return of the verdict of guilty as to the sale and the acquittal as to possession is an improper verdict. There is no validity to this reasoning. Defendant was not found guilty of the sale in the first degree, but of a lesser included crime. The verdict, as rendered, is proper on the law and defendant did not object to it (see *People v Williams,* 47 AD2d 262, *supra; People v Steffens,* 12 AD2d 962, 963). Latham, Acting P. J., Christ and Munder, JJ., concur; Margett, J., dissents and votes to reverse the judgment and dismiss the indictment, with the following memorandum, in which Brennan, J., concurs: The verdict should not be allowed to stand. In light of the elements which the jury must have necessarily found present by their finding of guilt under the lesser included crime of the first count of the indictment, that of criminal sale of a controlled substance in the third degree, "by no rational process could the jury acquit the defendant of the crime of criminal possession of a dangerous drug with intent to sell" (see *People v Pierce,* 40 AD2d 581). Although the elements of each crime in the several counts are not identical, logic compels that where all counts relate to the same transaction, a finding of guilt as to a sale cannot survive a finding of nonguilt as to intent to sell. Such a verdict is not only inconsistent, but repugnant, and should, therefore, be vacated and the indictment dismissed (see *People v Pierce, supra; People v Bullis,* 30 AD2d 470).