■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE CLARKE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 3, 1975, convicting him of murder (based upon a charge that, acting "under circumstances evincing a depraved indifference to human life," he "recklessly engaged in conduct which created a grave risk of death to another person and thereby caused the death of" that person), manslaughter in the first degree (based upon a charge that he had intended to cause serious physical injury to a third party but actually caused the death of the deceased), attempted murder (based upon a charge that he had intended to cause the death of the aforesaid third party) and possession of weapons, etc., as a felony, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of attempted murder, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. The jury found defendant not guilty of intentional murder, the first count of the indictment, but found him guilty of manslaughter in the first degree as a lesser included offense. Having so found, the verdict of guilty on the third count, attempted murder, was repugnant in that the jury had already determined that there was no intent to cause the death of another. "When the indictment charges two crimes, each of which has identical elements, a finding of guilty on one but not on the other is truly repugnant, as opposed to being merely inconsistent" (People v Bullis, 30 AD2d 470, 472). We have considered defendant's other arguments and find them to be without merit. Hopkins, Acting P. J., Cohalan, Damiani and Hawkins, JJ., concur.