OPINION OF THE COURT
Fritz W. Alexander, J.
The defendant, Francis Stapleton, moves, pursuant to CPL 330.30 (subd 1) to set aside a jury verdict convicting her of criminal sale of a controlled substance in the first degree (Penal Law, § 220.43, subd 1) and acquitting her of criminal possession of a controlled substance in the second degree (Penal Law, § 220.18, subd 1), contending that such verdict is inherently repugnant and inconsistent.
For the reasons hereinafter set forth, said motion is in all respects denied.
This defendant, along with two others not jointly tried, was indicted and charged in three counts, with criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the second degree, arising out of the alleged sale of 1 and 5/s ounces of heroin to an undercover agent on August 31, 1976.
The trial evidence established, and the jury found that this defendant (Stapleton) in a recorded telephone conversation arranged to meet the undercover at a local bar in the evening of August 31st. At the rendezvous, after negotiating the price and assuring herself that the undercover had the money, Stapleton dispatched her two cohorts to get the drugs. Upon their return, one of the codefendants (Jane Doe Ann) resumed her seat next to Stapleton and the undercover and passed the drugs to Stapleton in a black change purse. The other defendant returned to her seat at the other end of the bar.
Stapleton proffered the drugs to the undercover in the change purse but he demanded a brown paper bag in which to transport them. The bag was procured — Stapleton transferred the glassine envelopes to the bag and the sale was completed. A secofid telephone conversation between Stapleton and the undercover recorded two days later confirmed the sale and spoke of plans for further sales.
In addition to charging this defendant with weight possession, the indictment charged possession with intent to sell. *852 The jury was instructed, however, without exception, that they were to consider that count only if they found the defendant not guilty of the sale. The weight possession count however was submitted as a noninclusory concurrent count, again without objection or exception by the defendant.
Because each count of an indictment is to be construed as a separate indictment, inconsistency in verdicts can and does occur. (See Dunn v United States, 284 US 390; People v Sciascia, 268 App Div 14, affd 294 NY 927.) Inconsistency alone however, is not fatal since "[i]f there is any rational theory to support the difference in the verdicts, the verdicts although seemingly inconsistent on the surface will be upheld [citations omitted]” (People v Gross, 51 AD2d 191, 198).
The test is repugnancy. Repugnancy is said to exist "when there are charges of two crimes, each of which has identical elements, and there is a finding of guilt on one but not on the other” (People v Blandford, 37 AD2d 1003; People v Bullis, 30 AD2d 470). As stated in Bullis (supra, p 472): "When the indictment charges two crimes, each of which has identical elements, a finding of guilty on one but not the other is truly repugnant as opposed to being merely inconsistent.”
The question then is whether this court is required to set aside these verdicts because the apparent inconsistency is truly repugnant and "would require a reversal or modification of the judgment as a matter of law by an appellate court.” (CPL 330.30, subd 1.) If the elements of the crimes of criminal sale of a controlled substance are identical with those of criminal possession of a controlled substance (weight possession), then the verdict must be set aside. This court holds that they are not.
The term "sell” is defined in section 220.00 of the Penal Law as meaning "to sell, exchange, give or dispose of to another, or to offer or agree to do the same”, and the jury here was so instructed. Possession, on the other hand, is defined, as meaning "to have physical possession or otherwise to exercise dominion or control over tangible property” (Penal Law, § 10.00, subd 8). This jury was further instructed that possession, as defined, includes both actual physical possession, such as having the heroin in one’s hand or oh one’s person, or other place under one’s exclusive control; or constructive possession which may exist without present personal dominion over the property, but with the intent and ability to maintain such control and dominion.
*853 Thus, both by statutory definition and logic, the elements of these two crimes are not identical and while in the ordinary sale case, possession may also be proved, such proof is not necessary to sustain a sale conviction. (See, e.g., People v Gondolfo, 94 Misc 2d 696.)
The view that a conviction of sale and an acquittal of possession is not repugnant finds support in People v Rivera (32 NY2d 950), where the Court of Appeals confirmed without opinion a Judge trial conviction of criminal sale of a dangerous drug in the third degree and acquittal of criminal possession of a dangerous drug in the fourth and sixth degrees. (See, also, People v Pratts, 50 AD2d 937; People v Dilan, 58 AD2d 655.)
This court is not unaware of a seeming contrary view expressed by the Appellate Division, Fourth Department, in People v Pierce (40 AD2d 581), relied on heavily by the defendant. There the court held (at p 581) that "[I]n convicting the defendant of criminal sale of a dangerous drug in the fourth degree, the jury must necessarily have concluded that defendant knowingly and unlawfully possessed and sold a dangerous drug”. It is noted, however, that the possession count in that case was apparently an inclusory concurrent count of the sale count and the language employed by the court clearly indicates that it found at least two of the elements in the two crimes to be identical.
In any event, contrary to the conclusion reached by the court in Pierce (supra), there are "rational theor[ies] to support the difference in the verdicts, [and] the verdicts although seemingly inconsistent” will not be disturbed (see People v Gross, 51 AD2d 191, 198, supra).
As indicated above, the People introduced tape recordings of conversations between the defendant and an undercover police officer both prior to and following the sale. In these conversations the essentials of the sale were confirmed by the defendant herself. With regard to the possession count, the testimony was that this defendant received the heroin from one of the two codefendants involved and held it but for a short time before passing it to the undercover officer. Under these circumstances it is possible that the jurors believed that the defendant did not "possess” the heroin as they understood that term from the court’s charge. Conceivably they believed that dominion and control was exercised by one of the co- *854 defendants and therefore felt that this defendant should not be convicted of the separate additional crime of possession.
Or while it may seem illogical the jury may have chosen to disbelieve that portion of the officer’s testimony that placed the heroin in the hands of the defendant just prior to the sale. The testimony may have seemed to lack the ring of truth and have been seen as bolstering or simply an effort by the police to cover any possible weaknesses in the People’s case.
It is pointless to speculate as to how or why the jury decided as it did, so long as the court is satisfied that the verdicts are not legally repugnant.
It has also been stated that a jury verdict is not to be dismissed where the jury may have rendered a verdict of not guilty on a particular count in what they believed to be the interests of justice. (People v Williams, 47 AD2d 262.) In that case the defendant was convicted of robbery in the first degree, which required a deadly weapon and use of a dangerous instrument. At the same time, the defendant was acquitted of robbery in the second degree (aided by another). And yet the testimony was that an accomplice possessed the weapon and threatened the use of the dangerous instrument. This inconsistency was held not to warrant disturbing the jury’s verdict.
In the case at bar, the acquittal of criminal possession may well have been based on what the jury believed to be the interests of justice. The severe penalties that attach to convictions under the drug laws have been widely publicized. The jury may have concluded that the finding of guilt on the sale count was enough. Or indeed the result may represent a compromise among the jurors; and while such a result may not be favored, a verdict should not be upset by speculation into such matters. (See Dunn v United States, 284 US 390, supra.)
Further, the appellate decisions in those cases factually closest to the instant case have generally upheld the verdicts against challenges of inconsistency and repugnancy.
For example, in People v Pratts (50 AD2d 937, supra), the defendant was convicted of a sale of a controlled substance, yet acquitted of possession with intent to sell and simple possession. The Judge there had charged that should the jury convict of the first degree sale count " 'then it must follow that he is guilty of having possession of narcotics with intent to sell in count two and also mere possession under count *855 three’.” The majority opinion held that the elements of the crimes charged in the separate counts of the indictment were not identical and rejected the view expressed by the dissent that "Although the elements of each crime in the several counts are not identical, logic compels that where all counts relate to the same transaction, a finding of guilt as to a sale cannot survive a finding of nonguilt as to intent to sell” (People v Pratts, supra, at p 938).
Finally, it should be observed, that although defendant moved promptly to set aside the verdict returned by this jury, no objection or exception was taken to the court’s charge. That charge clearly permitted the jury to return the verdict it did. Defendant thus may very well be "in no position to urge that the verdict was inconsistent, not having excepted to the court’s charge that defendant could be found guilty or not guilty on any one or more of the * * * counts of the indictment.” (People v Steffens, 12 AD2d 962, 963; see, also, People v Sciascia, 268 App Div 14, affd 294 NY 927, supra.)
For these reasons, therefore, the motion to set aside the jury’s verdict is in all respects denied.