OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 Can a defendant intend to cause serious physical injury to another person and at the same time recklessly create a grave risk that death will result from that conduct? We conclude that the two mental states are not mutually exclusive when applied to different outcomes and consequently the jury verdict finding defendant guilty of both attempted first degree assault and first degree reckless endangerment was not repugnant.
 

 Following a dispute between defendant and security guard Vernon Hutchinson over whether defendant had thrown a bottle in the plaza area of an apartment complex, Hutchinson asked defendant and his companion to leave the complex. Defendant vowed, "I’ll be back.” He and his companion returned later that evening, and from approximately 70 feet away defendant fired three shots in Hutchinson’s direction. One bullet hit the leg of Hutchinson’s pants, and another travelled just past his ears. Defendant was charged with attempted murder in the second degree (Penal Law § 125.25 [1]), attempted assault in the first degree (Penal Law § 120.10 [1]), criminal possession of a weapon in the second degree (Penal Law § 265.03) and reckless endangerment in the first degree (Penal Law § 120.25).
 

 The attempted assault count accused defendant of attempting to cause serious physical injury to Hutchinson with the specific intent to cause such injury. The reckless endangerment count accused defendant of recklessly creating a grave risk of Hutchinson’s death.
 

 During its charge, the court instructed the jury that an essential element of attempted first degree assault was that defendant intended to cause serious physical injury, which it defined as "a physical injury which creates a substantial risk of death or which causes death or serious and protracted disfigurement or protracted impairment of health or protracted loss or impairment of the function of any bodily organ.” Regarding first degree reckless endangerment, the court instructed that defendant was "charged with having recklessly created a grave risk of death to another person under circumstances evincing a depraved indifference to human life.” The court then explained that a "person recklessly creates a grave
 
 *58
 
 risk of death to another person when he is aware of and consciously disregards a substantial and unjustifiable risk that a grave risk of death will result.” None of the four counts was submitted to the jury in the alternative.
 

 Defendant was acquitted of attempted second degree murder but convicted of the remaining counts. Before the jury was discharged, and again in a motion to set aside the verdict at sentencing, defense counsel urged that the jury had found defendant guilty of acting both recklessly and intentionally and that the verdict was therefore repugnant under
 
 People v Gallagher
 
 (69 NY2d 525). The trial court rejected this contention. The Appellate Division, however, reversed defendant’s attempted assault and reckless endangerment convictions, concluding that they were legally inconsistent counts. We disagree.
 
 *
 

 A verdict is inconsistent or repugnant — the difference is inconsequential — where the defendant is convicted of an offense containing an essential element that the jury has found the defendant did not commit
 
 (see,
 
 CPL 300.30 [5] ["(t)wo counts are 'inconsistent’ when guilt of the offense charged in one necessarily negates guilt of the offense charged in the other”]). In order to determine whether the jury reached "an inherently self-contradictory verdict” a court must examine the essential elements of each count as charged
 
 (People v Tucker,
 
 55 NY2d 1, 8;
 
 see also, People v Loughlin,
 
 76 NY2d 804, 806).
 

 In
 
 People v Gallagher
 
 (69 NY2d 525,
 
 supra),
 
 we explained that a defendant who acts with the conscious objective of bringing about a particular result cannot simultaneously act with conscious disregard of a substantial and unjustifiable risk that the very result will occur.
 
 Gallagher
 
 was a homicide case in which the defendant was convicted of both intentional murder and reckless manslaughter of a single victim. Those counts were inconsistent: "where the shooting (the act) and the death (the result) are the same, a defendant cannot be convicted twice for the murder, once for acting 'intentionally’ and once for acting 'recklessly’ ”
 
 (id.,
 
 at 529 [citations omitted]).
 

 Here, as in
 
 Gallagher,
 
 the act — the shooting — is the same for the attempted assault and the reckless endangerment counts.
 
 *59
 
 Unlike
 
 Gallagher,
 
 however, these counts entail two distinct results. The result required under first degree reckless endangerment was the reckless creation of
 
 a grave risk of Hutchinson’s death.
 
 To be guilty of attempted first degree assault, defendant must have attempted to cause
 
 serious physical injury
 
 to Hutchinson, while possessing the specific intent to cause such injury. As the trial court correctly instructed the jury, serious physical injury includes an injury causing not only death or a substantial risk of death but also serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ
 
 (see,
 
 Penal Law § 10.00 [10]).
 

 A defendant could certainly intend one result — serious physical injury — while recklessly creating a grave risk that a different, more serious result — death—would ensue from his actions. Defendant, for example, could have fired at Hutchinson with the intent to cause him only serious and protracted disfigurement and simultaneously consciously disregarded a substantial and unjustifiable risk that, by so doing, he would create a grave risk of a more severe outcome, Hutchinson’s death. Thus, a finding that defendant was guilty of attempted first degree assault did not "necessarily negate [his] guilt” of first degree reckless endangerment (CPL 300.30 [5]).
 

 People v Robinson
 
 (145 AD2d 184,
 
 affd
 
 75 NY2d 879), relied upon by defendant, is not to the contrary. The defendant in
 
 Robinson
 
 was convicted of one count of manslaughter requiring intent to cause serious physical injury and one count of depraved mind murder, of the same victim, requiring recklessness. We affirmed the Appellate Division’s holding that these counts were inconsistent. While the inconsistent counts in
 
 Robinson
 
 involved the same culpable mental states at issue here, the defendant in
 
 Robinson
 
 — like the defendant in
 
 Gallagher
 
 and unlike the defendant in the instant case — was convicted for acting intentionally and recklessly as to
 
 the same result,
 
 the death of the victim. Thus, although the Appellate Division dissent in
 
 Robinson
 
 correctly concluded that intentional and reckless conduct are mutually exclusive "only when the two culpable mental states concern the same result” (145 AD2d, at 188), the dissent overlooked the fact that the two homicide counts in
 
 Robinson
 
 did indeed involve identical outcomes.
 

 Because the jury here determined that defendant acted intentionally as to one result and recklessly as to a distinct, more serious result, the verdict was not inconsistent.
 

 
 *60
 
 Accordingly, the order of the Appellate Division should be modified by reinstating defendant’s convictions of attempted assault in the first degree and reckless endangerment in the first degree and remitting to that court for further proceedings in accordance with CPL 470.25 (2) (d) and 470.40 (2) (b) and, as so modified, affirmed.
 

 Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order modified by reinstating defendant’s convictions of attempted assault in the first degree and reckless endangerment in the first degree and remitting to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.
 

 *
 

 The Appellate Division further concluded that, because the counts were inconsistent, they should have been submitted to the jury in the alternative. Although defendant did not object to submission of the counts in the conjunctive, reversal of the conviction was necessarily based on the preserved inconsistency issue, and we therefore reject defendant’s argument that the appeal must be dismissed (CPL 450.90 [2] [a]).