**Paul D. HOGAN, Petitioner,**

v.

**C. WARD, Superintendent of Mt. McGregor Correctional Facility, Respondent.**

No. 97–CV–5H.

United States District Court, W.D. New York.

March 18, 1998.

---

Paul D. Hogan, Marcy, NY, pro se.

Brooks T. Baker, Steuben County Atty., Bath, NY, for Respondent.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

The parties have consented pursuant to 28 U.S.C. § 636(c) to have the undersigned conduct all further proceedings in this petition for habeas corpus relief under 28 U.S.C. § 2254. For the reasons that follow, the petition is denied.

## *BACKGROUND*

On March 16, 1994, petitioner appeared before Hon. Henry J. Scudder in Steuben County Court. Petitioner was represented by Philip Roche, Esq. As reflected by the transcript of the plea proceedings, after discussing the matter with his attorney, petitioner entered a plea of guilty to the crime of attempted murder in the second degree, charged in Superior Court Information No. W–7344 under New York Penal Law §§ 110.05 and 125.25 [1] (*see* Item 10, Ex. 8).

---

1. Under N.Y. Penal Law §§ 110.05 and 125.25,    an attempt to commit murder in the second

Petitioner also agreed to waive grand jury presentment. Counsel stated on the record that the plea agreement was entered with the understanding that the sentence would be a prison term of four to twelve years (*id.*, pp. 2–5).

During the plea proceedings, the following colloquy took place:

THE COURT: ... Now, as to the charge itself then, let me ask you on February 4th, 1994, did you place a wire from a distributor to a sparkplug and then place the sparkplug into the gas tank filler of a particular van belonging to Charles Robert Hatcher, did you do that?

THE DEFENDANT: Yes, sir.

THE COURT: And did you do that such that when the ignition key would be turned a spark would be generated at the plug and cause the vapors to ignite?

THE DEFENDANT: Yes, sir.

THE COURT: And then did you do that with the intent to cause the death of Charles Robert Hatcher?

THE DEFENDANT: Yes, sir.

(*Id.*, pp. 10–11).

On April 25, 1994, Judge Scudder sentenced petitioner to a minimum prison term of four years and a maximum term of twelve years (*id.*, Ex. 9). Petitioner filed a notice of appeal to the Appellate Division, Fourth Department. Howard K. Broder, Esq., was assigned as appellate counsel. Mr. Broder filed a brief on petitioner's behalf in which he asserted the ground of excessive sentence. On December 23, 1994, the Fourth Department unanimously affirmed the judgment of conviction, without opinion. *People v. Hogan*, 210 A.D.2d 1013, 620 N.Y.S.2d 873 (4th Dept.1994). On January 27, 1995, the Court of Appeals denied leave to appeal. 84 N.Y.2d 1032, 623 N.Y.S.2d 189, 647 N.E.2d 461.

Petitioner subsequently moved *pro se* pursuant to N.Y.Crim. Proc. L. § 440.10 to vacate the judgment on the following grounds:

1. The felony complaint was jurisdictionally defective because it failed to con-

tain non-hearsay allegations establishing every element of the offense charged;

2. The felony complaint was defective because it was not signed or supported by deposition; and,

3. Ineffective assistance of counsel.

(*Id.*, Ex. 3). Judge Scudder denied the motion, and the Fourth Department denied leave to appeal (*see id.*, Baker Aff., ¶ 9).

On March 6, 1996, petitioner filed with the Fourth Department a *pro se* motion for a writ of error *coram nobis*, claiming that his appellate counsel was ineffective because he failed to raise the issue that a person charged with a Class A felony cannot waive his right to a grand jury presentment (*id.*, Ex. 6). On April 19, 1996, the Fourth Department denied petitioner's motion for a writ of error *coram nobis*, without opinion. *People v. Hogan*, 226 A.D.2d 1147, 642 N.Y.S.2d 842 (4th Dept.1996).

On December 5, 1996, petitioner filed this action[2] for federal habeas corpus relief, alleging the following grounds:

1. The statement he gave to law enforcement officers at the time of his arrest on February 5, 1994 was "bias and unsubstantiated;"

2. The New York State Police Crime Lab Report of the examination of evidence removed from the crime scene was not certified;

3. The felony complaint was defective;

4. Improper waiver of grand jury presentment; and,

5. Ineffective assistance of appellate counsel for failure to raise any of these grounds on appeal.

(*See* Item 5).

For the reasons that follow, petitioner's request for habeas corpus relief is denied.

---

degree is classified as a Class B felony. *See* N.Y. Penal L. §§ 110.05(3), 125.25.

**2.** The petition was filed in the United States District Court for the Northern District of New York, and was transferred to the Western District pursuant to 28 U.S.C. § 1406(a).

## DISCUSSION

■ Under 28 U.S.C. § 2254, a federal district court may entertain an application for habeas corpus relief by a person in custody pursuant to a judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Applications for habeas corpus relief cannot be granted unless it appears that "the applicant has exhausted the remedies available in the courts of the State ...." 28 U.S.C. § 2254(b)(1)(A). Exhaustion of state remedies requires presentation of the claim to the highest state court from which a decision can be obtained. *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 190 n. 3 (2d Cir.1982), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984).

In this case, it is apparent from the submissions on file that petitioner has not exhausted his state court remedies with respect to several aspects of the grounds set forth in the petition. Prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, the Supreme Court had adopted a rule of "total" exhaustion in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), requiring a federal court to dismiss in their entirety habeas corpus petitions containing both exhausted and unexhausted claims. A habeas petitioner who submitted such a "mixed" petition then had the option to resubmit the petition pending either the removal of the unexhausted claim, or exhaustion of the offending claim at the state level. *See, e.g., Johnson v. Scully*, 967 F.Supp. 113, 115 (S.D.N.Y.1997).

■ The AEDPA now permits a court to deny on the merits habeas petitions containing unexhausted claims. 28 U.S.C. § 2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."). Therefore, where a court deems unexhausted claims to be patently frivolous, it may now address the merits of both exhausted and unexhausted claims. *See Rodriguez v. Miller*, 1997 WL 599388, at *3 (S.D.N.Y. September 29, 1997); *Ojeda v. Artuz*, 1997 WL 283398, at *3 n. 5 (S.D.N.Y. May 29, 1997). What follows is a discussion of the merits of the claims set forth in the petition.

## I. Petitioner's Statement to Law Enforcement Officers.

Petitioner contends that the statement he gave to law enforcement officers at the time of his arrest on February 5, 1994, was "defective" because it did not contain an admission of his intent to kill Mr. Hatcher. However, a reading of the entire statement reveals petitioner's admission that, even though the spark plug he used to wire Mr. Hatcher's van was a "dud," there was a distinct possibility that "it just might spark" (Ex. A, attached to Item 10, Ex. 3). This possibility was confirmed by the examination of the spark plug conducted by a forensic scientist at the New York State Police Crime Laboratory (Ex. B, attached to Item 10, Ex. 3).

■ In any event, it is settled law that a defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea. "He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *United States v. Coffin*, 76 F.3d 494, 497–98 (2d Cir.) *cert. denied*, 517 U.S. 1147, 116 S.Ct. 1445, 134 L.Ed.2d 565 (1996). In other words, "the issue [is] not the merits of these [independent] claims as such, but rather whether the guilty plea had been made intelligently and voluntarily with the advice of competent counsel." *Tollett, supra*, 411 U.S. at 265; *Coffin, supra*.

■ The two-part standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for evaluating ineffective assistance of counsel claims applies in the context of guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Coffin, supra*, 76 F.3d at 498. First, the defendant must show that "counsel's representation fell below an objec-

tive standard of reasonableness." *Strickland, supra,* 466 U.S. at 687–88. Second, the defendant must show prejudice—*i.e.,* a reasonable possibility that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial with the obvious chance of being acquitted. *Hill, supra* at 56–59; *see also Coffin, supra; Panuccio v. Kelly,* 927 F.2d 106, 108 (2d Cir.1991).

▉ Upon review of the record in light of these standards, I find that petitioner cannot meet his burden on either prong of the *Strickland* test. The transcript of the plea proceedings establishes that the plea was entered knowingly and voluntarily on the advice of competent counsel. There is no evidence of mental defect or any other indication of petitioner's inability to understand the nature of the charges and the consequences of the plea. Petitioner admitted to the court that his trial counsel had discussed with him all aspects of the case, including the opportunity to challenge the validity of the statement he gave to law enforcement officers (*see* Item 10, Ex. 8, p. 7). Based on the strength of the evidence recovered from Mr. Hatcher's van, the undisputed connection of the evidence to petitioner, and the admissions contained in the voluntary statements petitioner gave to law enforcement officers at the time of his arrest, counsel's advice to plead guilty cannot be said to have fallen below any objective standard of reasonableness.

In addition, petitioner has failed to demonstrate how counsel's errors caused him prejudice. As stated by the Supreme Court in *Hill,* "the resolution of the 'prejudice inquiry,' *i.e.,* the second prong of the dual showing, is closely related to the objective prediction of whether the defense could succeed if the case went to trial." *Hill v. Lockhart, supra,* 474 U.S. at 59. As discussed above, the likelihood of success at trial was slim at best, given the strength of the evidence and petitioner's voluntary admissions of guilt.

Accordingly, I find that petitioner has failed to demonstrate that his trial counsel rendered incompetent advice when he recommended that petitioner accept the plea agreement. Therefore, petitioner's claim for habeas corpus relief based on his "defective" statement to law enforcement officers is without merit.

## II. Crime Lab Report.

▉ Petitioner contends that the State Police Crime Laboratory report was defective because it did not contain a certification as required by N.Y.Crim. Proc. L. § 190.30(2). This statute provides rules of evidence governing grand jury proceedings. However, there is no federal constitutional right to a grand jury presentment in a state criminal proceeding. *Mirrer v. Smyley,* 703 F.Supp. 10, 11–12 (S.D.N.Y.), *aff'd,* 876 F.2d 890 (2d Cir.), *cert. denied,* 493 U.S. 850, 110 S.Ct. 148, 107 L.Ed.2d 106 (1989). Therefore, the right to have evidence properly certified for presentation to a grand jury is a matter of New York State law and as such is not reviewable on a petition for federal habeas corpus. *Id.; see also Hameed v. Jones,* 750 F.2d 154, 160 (2d Cir.), *cert. denied,* 471 U.S. 1136, 105 S.Ct. 2677, 86 L.Ed.2d 695 (1985).

In addition, as set forth above, because petitioner has failed to demonstrate that his guilty plea was entered involuntarily as a result of advice from incompetent counsel, he may not assert independent habeas claims relating to events occurring prior to the entry of the plea.

Accordingly, petitioner's claim for habeas corpus relief based on the "defective" lab report is without merit.

## III. Felony Complaint.

Petitioner claims that the felony complaint charging him with attempted murder in the second degree is jurisdictionally defective because the allegations made in the complaint by the Steuben County Sheriff's Department Investigator were false. The investigator alleged that petitioner wired a spark plug to the distributor of Mr. Hatcher's van and placed the spark plug in the gas tank filler, so that "when the ignition key would be turned a spark would be generated at the plug and cause the gas vapors to ignite." Petitioner claims that this statement is false because Mr. Hatcher started the van and drove it about 11 miles.

■ Petitioner's claim must be rejected. Under New York law, the filing of a felony complaint serves only to commence the criminal action. In order for a felony prosecution to follow, an indictment must be obtained. *See* N.Y.Crim. Proc. L. §§ 100.10(5), 210.05; *Murphy v. Lynn*, 118 F.3d 938, 944 (2d Cir.1997)(citing cases). Where the defendant waives indictment by grand jury, the prosecution proceeds by superior court information, and the felony complaint is dismissed. *See* N.Y.Crim. Proc. L. § 195.10(2)(b); *People v. Selby*, 148 Misc.2d 447, 450, 561 N.Y.S.2d 123, 125 (Sup.Ct. New York Co.1990). Accordingly, petitioner's challenge to the jurisdictional sufficiency of the felony complaint is moot.

In addition, there is nothing in the record before the court, or in the cases cited in petitioner's state court appeals and *pro se* motions, to suggest that this claim alleges a federal constitutional violation. The claim is based entirely on alleged violations of state law, and as the Second Circuit recognizes, "[i]f there were no violations of state law, there can be no due process violation." *Fernandez v. Dalsheim*, 1989 WL 105815, at *6 (S.D.N.Y.1989), *aff'd*, 916 F.2d 709 (2d Cir. 1990); *see also Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)("[F]ederal habeas corpus relief does not lie for errors of state law.").

Accordingly, petitioner is not entitled to federal habeas corpus relief on the ground that the state court felony complaint was defective.

### IV. Waiver of Indictment.

Petitioner claims that his waiver of indictment was improper because he was charged with a "Class A" felony. *See* N.Y.Crim. Proc. L. § 195.10(1)(b)(defendant may waive indictment and consent to prosecution by superior court information when not charged with Class A felony). This claim is without merit. The record is clear that petitioner was charged with attempted murder in the second degree, a "Class B" felony. *See* note 1, *infra*. Petitioner has therefore failed to allege that his waiver of indictment violated any laws, state or federal, upon which habeas corpus relief can be based.

### V. Ineffective Assistance of Appellate Counsel.

Finally, petitioner claims that his appellate counsel provided constitutionally ineffective assistance because he failed to raise on direct appeal any of the claims discussed above. However, because these claims are meritless, counsel's failure to raise any such claims on appeal cannot be said to have rendered his appellate representation deficient, and petitioner cannot show prejudice.

Accordingly, petitioner is not entitled to habeas corpus relief on the ground of ineffective assistance of appellate counsel.

### CONCLUSION

Based on the foregoing, this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 is denied, and the case is dismissed. The Clerk of the Court is directed to enter judgment in favor of respondent.

Pursuant to 28 U.S.C. § 1915(a)(3), the court certifies that an appeal from this decision and order may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). The court also finds that the petition presents no question of substance for appellate review, and that petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Fed.R.App.P. 22(b). Accordingly, a certificate of appealability will not issue.

**SO ORDERED.**