Anthony GOINES, Petitioner,

v.

Hans WALKER, Superintendent of Auburn Correctional Facility, and Glenn Goord, Commissioner of New York State Department of Correctional Services, Respondents.

No. 97–CV–3512(FB).

United States District Court,
E.D. New York.

June 3, 1999.

**154**

Anthony Goines, Marcy, NY, for petitioner.

Eliot Spitzer, Attorney General of the State of New York by Valerie Singleton, Steven L. Banks, Assistant Attorneys General, New York City, for respondents.

## MEMORANDUM AND ORDER

BLOCK, District Judge.

By petition dated June 2, 1997, Anthony Goines ("Goines") seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. For the reasons stated below, the petition is dismissed, without prejudice.

## BACKGROUND

Petitioner was charged with one count of Criminal Sale of a Controlled Substance in the Third Degree ("Sale, Third Degree"), one count of Criminal Possession of a Controlled Substance in the Third Degree ("Possession, Third Degree"), and one count of Criminal Possession of a Controlled Substance in the Seventh Degree ("Possession, Seventh Degree"). Petitioner was tried before a jury in the Supreme Court, Queens County. Evidence was adduced at trial that on January 28, 1993, petitioner was observed by Police Officer Hopper ("Hopper") selling cocaine to Linda Wallace ("Wallace"). Hopper arrested petitioner, who was holding six vials of cocaine and possessed approximately fifty dollars. On July 1, 1994, petitioner was convicted of Sale, Third Degree, and Possession, Seventh Degree. He was acquitted of Possession. Third Degree. Petitioner was sentenced to concurrent terms of five to ten years for the Sale, Third Degree conviction, and one year for the Possession, Seventh Degree conviction.

With new counsel, petitioner raised a *Rosario* claim and prosecutorial misconduct claim on direct appeal to the Appellate Division, Second Department. *See People v. Rosario,* 9 N.Y.2d 286, 213 N.Y.S.2d 448, 451, 173 N.E.2d 881 (1961) (prosecution should turn over to defense counsel on their request statements given before trial by certain prosecution witnesses, so that defense counsel could use statements on cross-examination); *see also* N.Y.Crim.Pro.L. § 240.45(1)(a) (codifying *Rosario*). In a memorandum and order dated January 13, 1997, the Appellate Division affirmed the judgment, finding, without comment, that petitioner's claims were unpreserved for appellate review. *People v. Goines,* 235 A.D.2d 432, 652 N.Y.S.2d 539 (2d Dep't 1997). The Court of Appeals denied petitioner's request for leave to appeal, which raised the same issues presented to the Appellate Division. *People v. Goines,* 89 N.Y.2d 1035, 659 N.Y.S.2d 866, 681 N.E.2d 1313 (1997).

Petitioner raises in his *habeas* petition the same two issues he raised on direct appeal, contending, specifically: (1) the trial court erred in not examining *Rosario* material *in camera* and in concluding that the material was unrelated to a witness's testimony; and (2) the prosecutor committed misconduct because she (a) repeatedly repeated Goines's answers to her questions during cross-examination, (b) elicited information about Goines's prior incarcerations, and (c) suggested in summation that petitioner was a major drug distributor. "Reading his *pro se* pleadings generously, as we must," *see Dorsey v. Kelly,* 112 F.3d 50, 53 (2d Cir.1997), petitioner also appears to raise, for the first time, an ineffective assistance of appellate counsel claim in that he argues that his appellate counsel failed to raise the issue of his trial counsel's ineffective assistance because of trial counsel's failure to challenge the verdicts as inconsistent.

## DISCUSSION

Regardless of whether the Appellate Division was correct in holding petitioner's *Rosario* and prosecutorial misconduct

claims unpreserved for appellate review, under New York law petitioner's claim for ineffective assistance of appellate counsel may still be raised by a writ of *coram nobis* to the Appellate Division. *See Caballero v. Keane*, 42 F.3d 738, 741 (2d Cir.1994) (citing *People v. Bachert*, 69 N.Y.2d 593, 516 N.Y.S.2d 623, 509 N.E.2d 318 (1987)).[1]

## A. An Unexhausted Claim

Assuming, *arguendo*, that ineffective assistance of appellate counsel is the only unexhausted claim, the Court may not consider the merits of the state prisoner's petition until he has exhausted the state remedies available to him. *See* 28 U.S.C. § 2254(b). Before the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996, 28 U.S.C. § 2254 did not address the question of "mixed" *habeas* petitions. However, in *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the Supreme Court adopted a total exhaustion rule, stating: "Because a rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute, we hold that a district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the *habeas* petition to present only exhausted claims to the district court." *See Levine v. Commissioner of Correctional Servs.*, 44 F.3d 121, 124 (2d Cir.1995). As explained by the Supreme Court, the rationale for the "total exhaustion rule" is "to protect

the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Rose*, 455 U.S. at 518–19, 102 S.Ct. 1198. Therefore, prior to the enactment of the AEDPA, the Second Circuit Court of Appeals had specifically instructed that "[p]assing on the merits of claims in a habeas petition containing unexhausted claims runs counter to *Rose v. Lundy*." *Levine*, 44 F.3d at 125.

The AEDPA changed the *habeas* law to allow a district court, in the exercise of its discretion, to deny on the merits *habeas* petitions with unexhausted claims, rather than to dismiss them without prejudice.[2] *See* 28 U.S.C. § 2254(b)(2). However, section 2254(b)(2) "does not provide a standard for determining when a court should dismiss a petition on the merits rather than requiring complete exhaustion," *Lambert v. Blackwell*, 134 F.3d 506, 516 (3d Cir.1997), and neither the Supreme Court nor the Second Circuit has yet to establish any standard. The emerging district court precedent supports the notion that the district court should deny unexhausted claims which are patently frivolous so that they do not fester in either the state or federal judicial system. *See, e.g., Terrence v. Senkowski*, No. 97–CV–3242, 1999 WL 301690, at *5 (S.D.N.Y. May 12, 1999) (exercising discretion to deny petition because unexhausted claims are "patently frivolous");

---

1. In light of the Court's determination, it need not now resolve the issue of whether the *Rosario* and prosecutorial misconduct claims are exhausted and not procedurally barred, and were properly raised in federal constitutional terms to the highest state court. *See Dorsey*, 112 F.3d at 52 n. 1; *see also Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Palermo v. United States*, 360 U.S. 343, 345, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959); *Jencks v. United States*, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957); *Giglio v. United States*, 405 U.S. 150, 153–54, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

2. The relevant portion of 28 U.S.C. § 2254 now states:

(b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgement of a State court shall not be granted unless it appears that— (A) the applicant has exhausted the remedies available in the courts of the State; ... (2) An application for a writ of habeas corpus *may be denied on the merits*, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254(b) (emphasis added).

*Youngblood v. Greiner,* No. 97 ·Civ. 3289, 1998 WL 720681, at *6 (S.D.N.Y. Oct.13, 1998) (same); *Colon v. Johnson,* 19 F.Supp.2d 112, 120 (S.D.N.Y.1998) (same); *Hogan v. Ward,* 998 F.Supp. 290, 293 (W.D.N.Y.1998) (same). Where, however, the unexhausted claim is nonfrivolous, the tendency is to adhere to the broad-based principles underlying the "total exhaustion" rule, and to dismiss the entire petition without prejudice. *See, e.g., Morris v. Reynolds,* No. 98–CV–5439, 1999 WL 289205, at *5 (S.D.N.Y. May 4, 1999) (dismissing without prejudice petition with unexhausted claims); *Cowans v. Artuz,* 14 F.Supp.2d 503, 506 (S.D.N.Y.1998) (same); *Turner v. Senkowski,* No. 97–CV–653H, 1998 WL 912011, at *4 (W.D.N.Y. Nov.23, 1998) (same); *Walker v. Miller,* 959 F.Supp. 638, 643–44 (S.D.N.Y.1997) (same); *Duarte v. Hershberger,* 947 F.Supp. 146, 150 (D.N.J.1996) (same); *Ehinger v. Miller,* 928 F.Supp. 291, 294–95 (S.D.N.Y.1996) (same).

**B. Petitioner's Ineffective Assistance of Appellate Counsel Claim**

 The federal standard for claims of ineffective assistance based upon a counsel's performance was set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See also Mayo v.. Henderson,* 13 F.3d 528, 533 (2d Cir.1994) (applying *Strickland* standard to appellate representation). Under the first prong of the *Strickland* test, petitioner must show not simply that counsel erred, but that the error was not within the realm of reasonableness under the professional norms prevailing at the time of trial. *Id.* at 687–88, 104 S.Ct. 2052. Under the second prong of the *Strickland* test, petitioner must establish that there is "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. Under New York State law, the core of inquiry is whether defendant received meaningful representation. *See People v. Benevento,* 91 N.Y.2d 708, 674 N.Y.S.2d 629,

632, 697 N.E.2d 584 (1998). Under both standards, "[t]he unexplained failure of counsel to raise issues which, if raised, would have rendered reversal or modification likely constitutes sufficient ground upon which to predicate a finding of ineffective assistance of appellate counsel." *People v. Rutter,* 202 A.D.2d 123, 616 N.Y.S.2d 598, 608 (1st Dep't 1994) (citations omitted); *see Mayo,* 13 F.3d at 534 (citing *Claudio v. Scully,* 982 F.2d 798, 803 (2d Cir.1992)). The key to petitioner's claim of ineffective assistance of appellate counsel is whether a state court would determine that his Possession, Third Degree, and Sale, Third Degree, verdicts were inconsistent under New York law. If so, trial counsel undoubtedly should have raised the issue, and his failure to do so should have been raised by appellate counsel.

 Under New York law, "[a] verdict is inconsistent ... where the defendant is convicted of an offense containing an essential element that the jury has found the defendant did not commit." *People v. Trappier,* 87 N.Y.2d 55, 637 N.Y.S.2d 352, 354, 660 N.E.2d 1131 (1995). In evaluating allegedly inconsistent verdicts, the court should "look[ ] to the record only to review the jury charge so as to ascertain what essential elements were described by the trial court; then, the assertedly inconsistent verdicts will be harmonized on the basis of the jury charge. Under this approach, a conviction will be reversed only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered." *People v. Tucker,* 55 N.Y.2d 1, 447 N.Y.S.2d 132, 134, 431 N.E.2d 617 (1981). "Review of the entire record in an attempt to divine the jury's collective mental process of weighing the evidence is inappropriate." *Id.* at 133, 431 N.E.2d 617.

In explaining his inconsistency claim, petitioner points out, correctly, that an intent

to sell is an element of both Possession, Third Degree, and Sale, Third Degree, but that an intent to sell is not an element of Possession, Seventh Degree. He argues that because he was convicted of Possession, Seventh Degree, but acquitted of Possession, Third Degree, the jury must have found that he did not have an intent to sell cocaine. He concludes that without an intent to sell, he could not properly have been convicted of Sale, Third Degree. Petitioner theorizes that the jury acquitted him on the Possession, Third Degree, count because it accepted his agency defense that he did not have the intent to sell cocaine, but instead obtained and delivered cocaine to Wallace while acting as her agent.

Several New York courts presented with similar inconsistency arguments have rendered different decisions, based primarily on the degree to which they adhered to the rule that an inconsistency determination should be based on the counts as described in the charge, rather than on the facts in the record. *See Trappier,* 637 N.Y.S.2d at 354, 660 N.E.2d 1131. For example, in *People v. Gonzalez,* 156 A.D.2d 711, 549 N.Y.S.2d 463, 464–65 (2d Dep't 1989), the court, without providing much analysis, found a jury verdict acquitting defendant of Possession, Third Degree, and convicting him of Sale, Third Degree, not repugnant. In *People v. Stapleton,* 94 Misc.2d 850, 406 N.Y.S.2d 223, 225–26 (N.Y.Sup.Ct. 1978), the court similarly found that the charges for possession with intent to sell a controlled substance and sale of a controlled substance were not inherently contradictory. In *Stapleton,* the court also examined the facts of the case and found the verdicts could be rationalized, and further considered that the jury's acquittal on the possession count may have been a compromise verdict, rather than an indication of any repugnancy in the charge. *See id.* In contrast, in two sale and possession cases in which the defendants raised agency defenses, as did petitioner, the courts focused on the facts in the record, and found the verdicts to be logically irreconcilable and repugnant. *See People v. Brown,* 81 A.D.2d 619, 437 N.Y.S.2d 701, 701–02 (2d Dep't 1981) (The "only basis for the jury's not guilty verdict on the charge of [Possession, Third Degree] would be acceptance of defendant's agency and/or entrapment defenses. Having accepted one of those defenses, the jury could not properly have found defendant guilty of the crime of [Sale, Third Degree]."); *People v. Pierce,* 40 A.D.2d 581, 334 N.Y.S.2d 410, 411 (4th Dept. 1972) (where defendant was found guilty of sale of dangerous drug in fourth degree, and not guilty of possession of dangerous drug in fifth degree, the guilty verdict on the former count which was repugnant to not guilty verdict on latter count would be set aside).

█ Having failed to raise trial counsel's omission of the inconsistent verdict issue, petitioner's appellate counsel may thus have provided ineffective assistance because the precedents supportive of a finding of inconsistency may have been worthy of consideration in petitioner's appeal. Since the issue is not patently frivolous, and moreover, past relevant precedents appear deserving of clarification by the Appellate Division, it is appropriate that petitioner's ineffective appellate assistance claim be heard by a New York State court before this Court passes on it.[3]

## CONCLUSION

Based upon the foregoing, the Court dismisses petitioner's petition, without prejudice.

**SO ORDERED.**

---

**3.** Petitioner is advised that should he raise this ineffective assistance of appellate counsel claim in a petition for a writ of *coram nobis,* he must raise it in federal constitutional terms in order to preserve the issue for federal *habeas* review. *See Petrucelli v. Coombe,* 735 F.2d 684, 689 (2d Cir.1984).