Malone Jr., J.
Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered October 4, 2007, convicting defendant upon his plea of guilty of the crimes of attempted murder in the second degree, attempted assault in the first degree, criminal possession of a weapon in the second degree, reckless endangerment in the first degree and assault in the second degree.
Defendant was charged by indictment with attempted murder in the second degree, attempted assault in the first degree, criminal possession of a weapon in the second degree, reckless endangerment in the first degree and assault in the second degree. The charges stemmed from an incident in the City of Binghamton, Broome County, in which, after engaging in an altercation with the victim and two others, defendant allegedly fired a handgun approximately five times into a crowd with the intent to kill the victim. Defendant pleaded guilty to all of the counts in the indictment and was thereafter sentenced to an aggregate prison term of eight years, with five years of postrelease supervision. Defendant now appeals.
Initially, inasmuch as a defendant can attempt to cause the death of one victim and simultaneously engage in conduct that recklessly endangers others (see e.g. People v Craft, 36 AD3d 1145, 1147 [2007], lv denied 8 NY3d 945 [2007]), we reject defendant’s contention that the indictment improperly charged him with both attempted intentional murder in the second degree (see Penal Law §§ 110.00, 125.25) and reckless endangerment in the first degree (see Penal Law § 120.25). Here, defendant was charged with attempted murder for firing his gun *954 with the intent to kill the victim, and with reckless endangerment for firing his gun multiple times into a crowd, thereby creating a grave risk of death to those people. As such, the counts of the indictment are not legally incompatible (see People v Trappier, 87 NY2d 55, 57 [1995]; People v Craft, 36 AD3d at 1147). Contrary to defendant’s contention, he was provided with adequate notice of the charges against him inasmuch as the indictment and accompanying bill of particulars sufficiently provide a “plain and concise factual statement” for each count, asserting facts to support each element of the crimes charged (CPL 200.50 [7] [a]; see People v Morris, 61 NY2d 290, 292-293 [1984]; People v Yakubova, 11 AD3d 644, 645 [2004], lv denied 4 NY3d 769 [2005]).
Finally, to the extent that defendant contends that he pleaded guilty to a nonexistent crime, we have considered such claim and find it to be without merit. To the extent that he challenges the sufficiency of his plea allocution, the claim was not properly preserved for appellate review by a motion to withdraw his plea or vacate the judgment of conviction. Nor did defendant’s factual recitation negate an essential element of any crime to which he pleaded guilty (see People v Lopez, 71 NY2d 662, 665-666 [1988]).
Mercure, J.P., Peters, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.