THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER CAMPBELL, Appellant. [34 NYS3d 26]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered April 10, 2014, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree (two counts), criminal possession of a weapon in the second degree (two counts) and reckless endangerment in the first degree, and sentencing him to an aggregate term of 10 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). Defendant's identity as the person who gave a pistol to the codefendant after a fight with a group of other persons was established by evidence including a surveillance videotape, defendant's statements to the police and his recorded phone call. The evidence also supports the inference that defendant supplied the pistol with the intent that the codefendant use it to kill members of the other group.

Defendant did not preserve his claim that the court should have charged the jury to consider the counts requiring intent

to cause death or serious physical injury in the alternative to the count charging depraved indifference assault (*see People v Carter*, 7 NY3d 875, 876 [2006]), and we decline to review it in the interest of justice. Although defendant made a related claim, this was solely in the context of a motion to dismiss certain counts, and the only issue litigated was *whether* the court should submit all the counts, not *how* it should submit them if it declined to dismiss any (*see e.g. People v Lombardo*, 61 NY2d 97, 104 [1984] [preservation limited to relief actually requested]).

As an alternative holding, we reject defendant's claim on the merits. The court properly submitted the attempted murder and intentional assault counts conjunctively with the depraved indifference assault count, and the resulting verdict convicting defendant of all these counts was not inconsistent (*see Matter of Suarez v Byrne*, 10 NY3d 523, 541 [2008]; *People v Trappier*, 87 NY2d 55, 58-59 [1995]; *see also Carter*, 7 NY3d at 876-877). There is nothing to the contrary in *People v Dubarry* (25 NY3d 161, 169-173 [2015]), because that case involved a single result (the death of the victim) committed both by transferred intent and depraved indifference. Here, although the actual result of both assault charges was serious physical injury to the named victim, defendant acted, as explained in *Suarez* and *Trappier*, with separate mental states regarding separate results. Furthermore, the attempted murder charge did not, and could not, involve transferred intent (*see People v Fernandez*, 88 NY2d 777, 783 [1996]), notwithstanding any surplus language in the court's charge setting forth the definition of murder.

We perceive no basis for reducing the sentence. Concur—Acosta, J.P., Renwick, Saxe, Richter and Gische, JJ.